# IN THE TENNESSEE CHANCERY COURT
## FOR THE TWENTIETH JUDICIAL DISTRICT

DEBRA A. IRVIN,

     Plaintiff,

v.

GREEN WISE HOMES LLC, CHARLES E. WALKER, JON PAUL JOHNSON, JULIE COONE, JAMES BRETT, and NATIONWIDE INVESTMENTS LLC,

     Defendants.

Case No. *19-470-IV*

JURY DEMAND

## COMPLAINT

The plaintiff, Debra A. Irvin, for cause of action against defendants Green Wise Homes LLC, Charles E. Walker, Jon Paul Johnson, Julie Coone, Nationwide Investments LLC, and James Brett, states as follows:

### PARTIES AND JURISDICTION

1. The plaintiff, Debra A. Irvin, is a citizen of the State of Tennessee and a resident of Sumner County.

2. The defendant Green Wise Homes LLC, (hereinafter referred to as "Green Wise") is a limited liability company formed on September 5, 2018, pursuant to the laws of the State of Delaware.

3. The defendant Charles E. Walker ("Walker") is a citizen of the State of Tennessee residing in Davidson County. Mr. Walker, at the times relevant hereto, carried on a law business as Walker Law Offices and maintained an office at 69 Thompson Lane, Nashville, Tennessee 37211. Mr. Walker is an attorney who, at all

1

times relevant hereto, has been licensed to practice law in Tennessee. He filed bankruptcy on or about March 1, 2016, and emerged from bankruptcy in the summer of 2018, tolling the running of all statutes of limitations against him during that time.

4.    The defendant Jon Paul Johnson ("Johnson") is a citizen of the State of Tennessee residing in Davidson County.

5.    The defendant Julie Coone ("Coone") is a citizen of the State of Tennessee residing in Dickson County.

6.    The defendant James Brett ("Brett") is, upon information and belief, a citizen of the State of Nevada.

7.    The defendant Nationwide Investments LLC, (hereinafter referred to as "Nationwide") is a limited liability company organized pursuant to the laws of the State of Montana that purports to have its principal place of business in Flathead County, Montana.

8.    This Court has jurisdiction over this matter pursuant to Tennessee Code Annotated §§ 16-11-101 *et seq.*

9.    Venue is proper in this judicial district and county pursuant to Tennessee Code Annotated § 20-4-101 et seq. in that, inter alia, the events giving rise to the claims occurred in Davidson County, Tennessee, and certain of the defendant reside and are to be found in Davidson County.

2

## BACKGROUND

10. On or about November 9, 2001, Debra A. Irvin inherited her home at 1125 Sunnymeade Drive in Nashville, Tennessee, 37216, from her mother, Mary Ann Overstreet.

11. Mrs. Irvin and her husband, Lee Irvin, moved into the home at 1125 Sunnymeade in 2002.

12. Mrs. Irvin fell on hard times during the Great Rescission and ultimately filed for bankruptcy. Mrs. Irvin received a discharge on April 2, 2012, but she did not lose her home. That is, not until Charles Walker, Julie Coone, and the other defendants inserted themselves into her life.

13. Although she owed delinquent property taxes in 2013 of only $1,853.58, her home at 1125 Sunnymeade Drive, the Metropolitan Government of Nashville and Davidson County sold her home at a tax sale on September 18, 2013. The tax sale purchaser, Daryl Spicer, paid $71,000 to purchase the property. Attached as Exhibit 1 is a true and accurate copy of the Final Decree Confirming Sale that sets out the foregoing facts.

14. Because a final confirmation of the tax sale would extinguish all other encumbrances against her home, Mrs. Irvin stood to receive approximately $70,000 in excess proceeds once the one-year statutory redemption period expired.

15. In early August 2014, just one month before the expiration of the redemption period, acting on behalf of all defendants, defendant Julie Coone arrived unannounced on Mrs. Irvin's doorstep. Ms. Coone visited Mrs. Irvin at 1125

3

Sunnymeade Drive on no fewer than three occasions, all in an effort to persuade Mrs. Irvin to quitclaim her interest in 1125 Sunnymeade Drive to REO Holdings LLC for $500.

16.     Defendant Coone stated to Mrs. Irvin that it was in her best interests to quitclaim her interest in her home to REO Holdings LLC for $500, telling her that she would receive nothing in the absence of her execution of the quitclaim deed Ms. Coone presented. Ms. Coone concealed from Mrs. Irvin that if she retained her interest in 1125 Sunnymeade Drive, she would receive approximately $70,000 in excess proceeds upon expiration of the redemption period.

17.     Ms. Coone, who was acting on behalf of and at the direction of Charles Walker and REO Holdings LLC, likewise concealed from Mrs. Irvin her plan to acquire title to the property for a mere pittance ($500), redeem the property from the tax sale purchaser, and then sell the property at an enormous profit.

18.     Unfortunately, Ms. Coone convinced Mrs. Irvin, a woman of limited education having no sophistication in matters of real estate and having no knowledge of tax sales and redemptions, to accept $500 for her interest in the property. Ms. Coone never explained to Mrs. Irvin that by signing the Quitclaim Deed she was signing away her right to receive approximately $70,000 in excess proceeds. Ms. Coone was obligated to disclose such facts to Mrs. Irvin because of the circumstances and because of Coone's prior statements to Mrs. Irvin that it was in her best interests to quitclaim her home to REO Holdings LLC for $500.

4

19. On August 9, 2014, in reliance upon the misrepresentations and concealments of defendant Julie Coone, Mrs. Irvin and her husband, Lee Irvin, signed a Quitclaim Deed and sold her interest in her home to REO Holdings LLC for a mere $500. Attached as Exhibit 2 is a true and accurate copy of the Quitclaim.

20. Otherwise stated, defendants Walker and Coone, and non-party REO Holdings LLC, through affirmative misrepresentation and through concealment, successfully—and apparently without any pangs of conscious—robbed Mrs. Irvin of the $70,000 in equity she had in her home for a mere $500.

21. On August 11, 2014, defendants recorded the Quitclaim Deed they secured from Mrs. Irvin through this uncommonly inhumane and diabolical fraudulent scheme. *See* Exhibit 2.

22. A few days later, on August 19, 2014, REO Holdings LLC filed papers with the Chancery Court stating that the taxpayer, "Debra A. Irvin, by and through Charles Walker, attorney for REO Holdings LLC" hereby redeems 1125 Sunnymeade Drive the property from the tax sale purchaser. A true and accurate copy of the Decree for Redemption is attached as Exhibit 3. Walker's redemption of the property, of course, wiped out the $70,000 in excess proceeds that but for defendants' egregious and treacherous conduct would have gone to Mrs. Irvin.

23. Walker, Coone, and REO Holdings redeemed the property for just $12,474.83, $7,025.05 of which was interest. (*Id.*)

24. Mrs. Irvin discovered defendants' treachery shortly thereafter.

5

25. Prior to Ms. Coone's unannounced and fateful appearance upon her doorstep in early August 2014, Mrs. Irvin had been contacted by a professional treasure hunter, Richard Chambers, regarding the tax sale. Mr. Chambers had accurately advised Mrs. Irvin that the September 18, 2013, tax sale had generated proceeds well in excess of those necessary to pay the modest $1,853.57 in delinquent taxes. Mr. Chambers further advised Mrs. Irvin that he would assist her in applying for and obtaining the excess proceeds at the appropriate time.

26. After defendants redeemed the property in the shameful manner detailed above, Mrs. Irvin had another discussion with Mr. Chambers. Mr. Chambers explained to Mrs. Irvin that she would not actually receive any excess proceeds because Walker and REO Holdings LLC had redeemed the property and the proceeds of the tax sale were to be returned to the tax sale purchaser.

27. Mrs. Irvin, of course, had no inkling that by signing the Quitclaim Deed Ms. Coone prepared and presented on August 9, 2014, and accepting $500 that she had just forfeited her right to recover approximately $70,000 in excess proceeds. When she learned after the fact that such is, indeed, what had occurred she was livid. Ms. Coone had presented herself in such a helpful, friendly manner to Mrs. Irvin. Mrs. Irvin could not understand how a group of human beings could treat anyone, especially someone of very modest means who was about to lose her home, in such a manner.

28. Mrs. Irvin was rightly outraged at the fraud Coone and Walker had perpetrated, so she called REO's offices. She spoke directly to Mr. Walker and, to use the vernacular, cussed him out. Walker promptly hung up the phone.

29. After this discussion, Walker realized that the Quitclaim Deed Julie Coone had Mr. and Mrs. Irvin sign on August 9, 2014, was defective, at least for his purposes. He needed Mr. and Mrs. Irvin to sign an amended quitclaim deed. But he also knew that there was no chance Mrs. Irvin would sign any more documents. She now realized that Walker, Coone and REO Holding had swindled her and had told Walker so clearly and unmistakably. So, Walker did what he typically does when he is in a tight spot: he decided to manufacture and record a forged document.

30. On November 5, 2014, Walker recorded a second Quitclaim Deed transferring 1125 Sunnymeade from Mr. and Mrs. Irvin to REO Holdings LLC. This instrument was a forgery. This Quitclaim Deed, a true and accurate copy of which is attached as Exhibit 4, purports to bear the signatures of Mr. and Mrs. Irvin, only they never signed it. The signatures and notary acknowledgement from the initial deed executed August 9, 2014, were simply copy and pasted into the document. A layperson can set Exhibits 2 and 4 side by side and see that Walker simply lifted the signatures from the former and inserted them into the latter.

31. Defendant Jon Paul Johnson provided the fraudulent "Oath of Consideration" for this bogus transaction, and Walker and Coone, as is their custom, attached a false and fraudulent "Certificate of Authenticity" to the Quitclaim Deed so that it could be recorded electronically. (*Id.* at Ex. 4)

7

32. On November 21, 2014, REO Holdings LLC transferred the property to defendant Nationwide Investments LLC via Warranty Deed, cementing defendant Nationwide's involvement in the fraudulent enterprise. *See* Exhibit 5.

33. On April 9, 2015, Nationwidefiled a quiet title action to resolve any outstanding title issues concerning the property. A true and accurate copy of the Complaint to quiet title is attached as Exhibit 6. The Complaint was verified by James Brett as Nationwide's "Duly Authorized Acting Member." In the Complaint, defendants admitted, *inter alia*, that because of the tax sale and in the absence of any redemption by any purported creditor, there were no valid encumbrances against Mrs. Irvin's home at the time she transferred it via quitclaim deed to REO Holdings LLC.

34. On October 6, 2017, after it had resolved any outstanding title issues, Nationwide transferred the property to an unrelated third party via Warranty Deed for a tidy $315,000. *See* Exhibit 7. Defendants, thus, netted a profit of approximately $300,000, less any amounts paid to renovate the property, from their unconscionable conduct.

35. Mrs. Irvin lost her home in the process and, at present, has only $500 to show for it.

## LEGAL CLAIMS

### COUNT I: FRAUD

36. The plaintiff incorporates the averments set forth in Paragraphs 1 through 35 by reference.

8

37. Defendants falsely represented to plaintiff that it was in her best interests to sell her interest in the property, 1125 Sunnymeade Drive, to REO Holdings LLC for $500. Defendants represented to Mrs. Irvin that if she failed to sign the quitclaim deed defendant Coone presented, she would receive nothing. Defendants intentionally concealed from Mrs. Irvin that, in the absence of a redemption of the property, she stood to recover approximately $70,000 in excess proceeds.

38. Defendants' misrepresentations and omissions were intentional and material.

39. Defendants' misrepresentations and omissions constitute and were made in the course of a scheme or artifice to defraud. Plaintiff reasonably relied upon those misrepresentations to her detriment.

40. As a direct and proximate result of such reliance, plaintiff has suffered damages for which defendant Walker is liable.

## COUNT II: LIABILITY PURSUANT TO TENNESSEE CODE § 66-22-113.

41. The plaintiff incorporates the averments set forth in Paragraphs 1 through 40 by reference.

42. Defendants Julie Coone, Charles Walker, and Jon Paul Johnson have each executed forged or fraudulent documents and witnessed false oaths and certifications as described in this Complaint.

43. Those persons notarized signatures on or appurtenant to the respective documents described herein despite knowing, at the time, that the respective documents were materially false.

9

44. In the case of each of the true-copy certificates appurtenant to a document identified herein, the notarizing person knew either that no true original existed or that the original was materially false and had not been executed according to law and that, consequently, the true-copy oath was false.

45. In addition or in the alternative, defendant Coone notarized the signature of Defendant Walker on true-copy certificates at a time that the certificates were not appurtenant to any instrument, and defendant Walker could not be said to have been making oath as to any document. Defendant Coone knew the oath was false (for lack of an object document) when made and knew that the notarized certificate would subsequently be used to electronically record instruments to which they did not pertain, creating the false impression that the true-copy oath had been taken in regards thereto. Mr. Walker, or Ms. Coone acting at his behest, in such case, subsequently filed each of the aforementioned electronically recorded instruments in this manner, without a valid true-copy oath, with the knowledge of defendant Coone.

46. In so doing, Ms. Coone intentionally failed to discharge the duties and obligations of a notary public imposed by Tennessee Code Title 66, Chapter 22.

47. As a result of this conduct, plaintiff has suffered injuries.

48. Accordingly, Ms. Coone is liable to plaintiff pursuant to Tennessee Code Section 66-22-113.

## COUNT III: UNJUST ENRICHMENT

49. The plaintiff incorporates the averments set forth in Paragraphs 1 through 48 by reference.

50. Defendants redeemed property on the basis of the fraud and deception described herein.

51. Consequently, Nationwide and REO acquired title to the property without having any legitimate claim to it or any legitimate entitlement to the proceeds thereof.

52. Likewise, defendants acquired title to the property using rights of redemption properly belonging to plaintiff but to which defendants laid claim using the fraud and deception described herein.

53. Defendants have been unjustly enriched by the improper claim and use of those rights of redemption and the acquisition of proceeds from the sale of the property.

54. Accordingly, under the circumstances, it would be unconscionable for any defendant to retain any money, property, proceeds, or benefit such defendant obtained. Each such defendant should, rather, in equity, be made to account for and disgorge the same.

## COUNT IV: CIVIL CONSPIRACY

55. The plaintiff incorporates the averments set forth in Paragraphs 1 through 54 by reference.

56. Defendants here entered into an agreement, expressly or implicitly, with the other defendants and with REO Holdings LLC to engage in the conduct described herein for the purpose of obtaining real property and money, including money through the sale of real property based on forged and pretended deeds.

11

57. Ms. Coone agreed to facilitate and work for the enterprise, despite knowing that its method and aims were fraudulent.

58. Nationwide acted in all respects as the alter ego of Messrs. Johnson and Walker in the conduct of the aforementioned enterprise. To the extent it maintained any will of its own, it willfully and knowingly participated in a conspiracy with them and with REO despite having full and perfect knowledge of each aspect of the fraud described in this Complaint.

59. Defendants knew that the means and intent of the remaining defendants were unlawful, and they intended, upon entering into and continuing with the enterprise described herein, to cooperate in the accomplishment of those unlawful ends.

60. Pursuant to such agreement, defendants committed the numerous tortious and wrongful acts detailed above.

61. Defendants, in addition to being liable for their own direct misconduct, are liable for the wrongs asserted in Count I, Count II, and Counts III on account of their participation in this conspiracy.

62. As a direct and proximate result of the commission of defendants' tortious and wrongful acts, plaintiff has suffered damages for which all defendants are liable.

## COUNT V: FRAUDULENT TRANSFER OF ASSETS

63. The plaintiff incorporates the averments set forth in Paragraphs 1 through 62 by reference.

64. On September 11, 2018,defendant Walker, in violation of Tenn. Code Ann. § 66-3-305, transferred his ownership of the property described below in paragraph 69 (Items 1 through 14) to defendant Green Wise. A true and accurate copy of the Quitclaim Deed pursuant to which Walker made the transfer is attached hereto as Exhibit 7. Walker and Green Wise made the transfer with the actual intent to hinder, delay, and defraud plaintiff and other creditors in the collection of amounts owed to them.

65. On October 11, 2018,defendant Johnson, in violation of Tenn. Code Ann. § 66-3-305, transferred his ownership of the property described below in paragraph 69 (Items 15 and 16) to defendant Green Wise. A true and accurate copy of the Quitclaim Deed pursuant to which Johnson made the transfer is attached hereto as Exhibit 8. Johnson and Green Wise made the transfer with the actual intent to hinder, delay, and defraud plaintiff and other creditors in the collection of amounts owed to them.

66. Defendants Walker, Johnson and Green Wise each knew of and participated in the fraud. As a direct and proximate result of such fraudulent transfer, plaintiff suffered damages for which defendants Walker, Johnson and Green Wise are liable.

67. As a consequence, the transfers set out in Exhibits 7 and 8 were fraudulent as to plaintiff pursuant to both the common law and the Tennessee Uniform Fraudulent Transfer Act, Tenn. Code Ann. §§ 66-3-301–12. Plaintiff is entitled to avoid such transfers, and subject the Property to sale.

13

68. Pursuant to Section 66-3-308, this Court may avoid the transfer to the extent necessary to satisfy plaintiff's claim. This Court may also, pursuant to Section 66-3-309, issue a judgment against each defendant for the value of the asset transferred or the amount necessary to satisfy plaintiff's claim, whichever is less.

69. Plaintiff asserts a lien *lis pendens* against the following fraudulently transferred property:

1. **102 Prescott Place, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being all of Unit No. 102 on the Plan of Prescott Place. Condominiums, as shown by plat appearing of record in Plat Book 6200, page 257, as revised in Plat Book 6250, page 537 of the Register's Office of Davidson County, Tennessee, to which plat reference is hereby made for a more complete detail of said unit. Being the same property conveyed to Charles Walker by Deed from W. E. McDonald, a married man, dated March 19, 2012, as of record in Instrument No. 20120320-0023602, Register's Office for Davidson County, Tennessee.

2. **104 Prescott Place, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being Unit No. 104. Plan of Prescott Place Condominiums, as shown on plat of record in Book 6200, page 257, amended in Book 6250, page 537, as established under Master Deed of record in Book 6615, page 743, amended in Book 6639, page 416 and further amended in Book 6779, page 691, in the Register's Office, Davidson County, Tennessee, to which master deed reference is hereby made for a more particular description of said unit. Being the same property conveyed to Charles E. Walker by Warranty Deed from Cynthia Gale Johnson of record in Instrument Number 20130109-0002880, Register's Office for Davidson County, Tennessee.

3. **108 Prescott Place, Nashville, TN 37211**, more particularly described as:

A certain condominium apartment in Davidson County, Tennessee, being Unit No. 108 on the plan of Prescott Place Condominiums of record in Book 6200, Page 257, as amended in Book 6250, Page 37, Register's Office for Davidson County, Tennessee. Being the same property conveyed to Charles Walker, by deed dated July 11, 2013 from Frank Schaff, of record at Instrument No. 0130712-0072088, Register's Office for Davidson County, Tennessee.

4. **109 Prescott Place, Nashville, TN 37211**, more particularly described as:

Being a certain condominium apartment in Davidson County, Tennessee, being Unit No. 109 on the plan of Prescott Place Condominiums, of record in Book 6200, page 257, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete and accurate description. Being the same property conveyed to Charles Walker, from Tanya M. Cheatham, unmarried, by deed on June 26, 2008, of record in Instrument Number 20080627-0066774, Register's Office for Davidson County, Tennessee.

5. **112 Prescott Place, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being a part of the Plan of Prescott Place Condominiums, as of record in Plat Book 6200, page 257, as amended in Book 6250, page 537, Register's Office for Davidson County, Tennessee, the part hereby described as follows: Being Unit No. 112 on said plan and described by the Master Deed Establishing Horizontal Property Regime with Respect to Prescott Place Condominiums, as of record in Book 6615, page 743, as amended in Book 6639, page 416, Register's Office of Davidson County, Tennessee. Being the same property conveyed to Charles Walker, by deed from Edwin W. Woodhouse and wife, Betty S. Woodhouse, and Barry Andrew Woodhouse, of record at Instrument No. 20140314-0021345, Register's Office for Davidson County, Tennessee.

6. **115 Prescott Place, Nashville, TN 37211**, more particularly described as:

Property located in Davidson County, Tennessee, being a certain condominium apartment in Davidson County, Tennessee, being Unit No. 115 on the plan of Prescott Place Condominiums, of record in Book 6200, Page 257, (erroneously referenced in prior deeds as "Page 256"), as amended in Book 6250, Page 537, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete and accurate description. Being Unit No. 115 on said plan and described by Master Deed Establishing Horizontal Property Regime with Respect to Prescott Place Condominiums, as of record in Book 6615, Page 743, as amended in Book 6639, Page 416, Register's Office for Davidson County, Tennessee. Being the same property conveyed to Charles Walker by deed from Robert R. Douglas of record at Instrument No. 20140428-0035654, Register's Office for Davidson County, Tennessee.

7. **2717 Gear Street, Nashville, TN 37216**, more particularly described as:

Land in Davidson County, Tennessee, being Lot No. 2 on the map entitled Resubdivision of Lots 22 and 23 of the Bush Spain's Subdivision of Part of the Zaack Stull Lands of record in Instrument No. 20041216-0149677, Register's Office for Davidson County, Tennessee, to which plan reference is hereby made for a more complete and accurate legal description. Being the same property conveyed to Charles Walker by Warranty Deed from Larry Thompson and

15

Linda Owens-Thompson, dated July 11, 2014, recorded July 14, 2014 of record in Instrument # 20140714-0061819, Register's Office for Davidson County, Tennessee.

8. **2901 Tuggle Avenue, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being Lot No. 1, on the Map of Tuggle Heights, Subdivision, as of record in Book 1130, Page 90, Register's Office for Davidson County, Tennessee. Said Lot No. 1 is described as follows: BEGINNING on the westerly margin of Tuggle Avenue at the corner of Lots Nos. 3 and 1; thence with the tine between said lots, westwardly 158.7 feet to the southerly margin of Thompson Lane; thence with the southerly margin of said Lane, eastwardly 139.52 feet to the beginning of a curve; thence around said curve with a radius of 20 feet to the westerly margin of said Avenue, southwardly 54.55 feet to the point of beginning. Being the same property conveyed to Charles Walker by Warranty Deed from Rembert Bryant Woodroff, Jr., Ouida Woodroff Holt and Baker Woodroff, recorded in Instrument No. 20140722-0064953, Register's Office for Davidson County, Tennessee.

9. **2903 Tuggle Avenue, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being Lot No.3 on the Map of Tuggle Heights of record in Book 1130, Page 90, Register's Office for Davidson County, Tennessee. Said Lot 3 fronts 60 feet on the westerly side of Tuggle Avenue and runs back between lines, 158.7 feet on the north line and 158.5 feet on the south line to a dead line in the rear on which it measures 60 feet. Being the same property conveyed to Brian M. Harrison and wife, Ondrea B. Harrison by Warranty Deed from Peggy Ann Bogle, Clifton Ray Pardue, and Billy C. Pardue, dated October 28, 2004, recorded October 29, 2004 of record in Instrument #20041029-0130164, Register's Office for Davidson County, Tennessee. Brian M. Harrison having since quitclaimed his interest to Ondrea B. Harrison of record in Instrument No. 20140804-0069796, Register's Office for Davidson County, Tennesee.

10. **2929 Selena Drive #27, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being Unit No. 27, Building "B," on the Plan of Kingswood Condominiums, of record in Plat Book 5200, Page 520, Register's Office for Davidson County, Tennessee, to which plan reference is hereby made for a more complete description. Being the same property conveyed to Charles Walker, by deed dated January 9, 2013 from Fannie Mae aka Federal National Mortgage Association, of record at Instrument No. 20130111-0003936, said Register's Office.

11. **2929 Selena Drive #118, Nashville, TN 37211**, more particularly described as:

A certain condominium apartment in Davidson County, Tennessee, being Unit No. 118, as shown on the site plan of Kingswood Condominiums, of record in Book 5200, Page 520, Register's Office for Davidson County, Tennessee, together with the undivided percentage interest in the common elements appurtenant to said unit as set forth in Ex hi bit C of the master deed establishing Kingswood Condominiums, as amended, of record in Book 6058, page 320, said Register's Office. Being the same property conveyed to Charles E. Walker, by deed of even date, recorded simultaneously herewith, of record in Instrument No. 20111109-0087676, Register's Office for Davidson County, Tennessee.

12. **2929 Selena Drive #138, Nashville, TN 37211**, more particularly described as:

Land in Davidson County, Tennessee, being Unit No. 138, on the Plan of Kingswood Condominiums, of record in Plat Book 5200, Page 520, Register's Office for Davidson County, Tennessee, to which plan reference is hereby made for a more complete description, together with the undivided percentage interest in the common elements appurtenant to said Unit, set forth in Exhibit "C" of the Master Deed, as amended, establishing Kingswood Condominiums, of record in Book 6058, Page 320, said Register's Office. Being the same property conveyed to in Charles Walker, by deed dated from Billie Walker, of record at Instrument No. 20130826-0089518, said Register's Office.

13. **3218 Glencliff Road, Nashville, TN 37211**, more particularly described as:

Being Parts of Lots 20, 21 and a tract marked "For Future Development" as shown on the Map of J. P. Ellis' Glencliff Subdivision, Section "A", a part of the Morton tract of record in Book 1130, Page 23, Register's Office for Davidson County, Tennessee, and more particularly described to a survey by Ralph W. W. Lambert, August 23, 1964, as follows: Beginning at an iron pin on the Easterly margin of Glencliff Road, 18 feet Southerly from the Southwest corner of Lot No. 21; thence S 85 degrees 25' E, 262 feet to an iron pin; thence N 3 degrees 05' E, 132 feet to an iron pin 20 feet North of the original line between Lots Nos. 20 and 21; thence 132 feet to an iron pin 20 feet North of the original line between Lots Nos. 20 and 21, S 88 degrees 30' E, 272 feet to a comer fence post, being J. E. Forman's Southeast corner in the Westerly line of the Lewis Payne property; thence with Payne's Westerly line S 30 degrees 30' W, 371 .5 feet to an iron pin in the Northerly margin of Old Antioch Pike; thence S 86 degrees W, 476 feet to a railroad spike at the intersection of the Northerly margin of said pike and the Easterly margin of Glencliff Road; thence in a Northerly direction with the Easterly margin of said Road with the curve 257.2

Case 3:19-ap-90103    Doc 1-1    Filed 05/11/19    Entered 05/11/19 21:12:20    Desc
Exhibit Complaint    Page 17 of 56

feet to the point of beginning, containing 2.94 acres, more or less. Included in this description but specifically excluded herefrom is that portion of the property conveyed to Metropolitan Government for Nashville/Davidson County. of record in Book 4384, Page 894, being parts of Lots Nos. 20, 21 and a tract marked "For Future development" on the Map of Book 1130, Page 23, Register's Office for Davidson County, Tennessee, containing 12,260 square feet. Also the rights for a temporary slope and construction easement to extend 40 feet beyond the new relocated Northerly margin of Antioch Pike. Said easement is to become null and void upon completion of the construction said Pike. Being the same property conveyed to Charles Walker by Warranty Deed from Judy Ann Cothran, dated June 23, 2014, recorded June 25, 2014 of record in Instrument No. 20140625-0055295, Register's Office for Davidson County, Tennessee.

14. **2825 Hartford Drive, Nashville, TN 37210**, more particularly described as:

Land in Davidson County, Tennessee, being Lot No. 72, on the Plan of Hidden Acres Subdivision, according to plat appearing of record in Book 1130, page 89, of the Register's Office of Davidson County, Tennessee. Being the same property conveyed to Charles E. Walker by deed from Pinnacle National Bank, Instrument No. 20091231-0118778, Register's Office of Davidson County, Tennessee.

15. **507 Garfield Street, Nashville, TN 37208**, more particularly described as:

Land in Davidson County, Tennessee, being the easterly parts of Lots 137 and 139 on the plan of North Nashville Realty Company's Subdivision, of record in Book 21, page 105, Register's Office for Davidson County, Tennessee. Said part of lots fronts 54 feet 7 inches on the South side of Foster Street and runs back between lines, 100 feet and along the west margin of an alley, Lot No. 141 measures 53.7 feet.

16. **923 Locklayer Street, Nashville, TN 37208**, more particularly described as:

Land in Davidson County, Tennessee, being Lot No. 49 on the plan of Block "C" Bransford Realty Company's Subdivision of the South Part of the North Hill Tract, of record, in Book 421, page 76, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete and accurate description. Being the same property conveyed to Charles Walker, from Valerie W. Granderson, a single woman, by deed on August 21, 2008, of record in Instrument Number 20080822-0086535, Register's Office for Davidson County, Tennessee.

WHEREFORE, premises considered, the plaintiff, Debra A. Irvin, prays as follows:

A. That the Court enter a judgment of compensatory damages against the defendants and in favor of the Plaintiff an amount in excess of $75,000;

B. That the Court enter a judgment of punitive damages against the defendants and in favor of plaintiff in an amount in excess of $750,000;

C. That the Court award plaintiff her reasonable attorney's fees pursuant to, *inter alia*, 66-22-113;

D. That a lien *lis pendens* issue with respect to the property described above in the amount of $825,000;

E. That a prejudgment attachment issue against the assets of defendants;

F. That the Court award plaintiff prejudgment interest and the costs of this action; and

G. That the Court award plaintiff all such other relief as may be just, equitable, and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted:

LEADER, BULSO & NOLAN, PLC

*C N B l l*

Eugene N. Bulso, Jr. (No. 12005)
Paul J. Krog (No. 29263)
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4110
*Attorneys for Plaintiff*

19



# Exhibit 1

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

RECEIVED
NOV 0 4 2013
Dav. Co. Chancery Court

THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY IN )
ITS OWN CAPACITY AND FOR THE USE )
AND BENEFIT OF THE STATE OF TENNESSEE, )
)
Plaintiff, )
)
v. )
)
DELINQUENT TAXPAYERS AS SHOWN ON )
THE 2011 REAL PROPERTY TAX RECORDS )
OF THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, )
TENNESSEE )

**REAL PROPERTY**

Tax Civil Action
No. 13-299-II

IRVIN, DEBRA A.

Bill No: 3548
Map & Parcel No: 06115014900



BILL GARRETT, Davidson County
Trans: T201306097017 ROS
Recvd: 11/14/13 10:36    5 pgs
Fees:28.00 Taxes:262.70

20131114-0117637

### FINAL DECREE CONFIRMING SALE

This cause came to be heard on November 1, 2013 upon motion of Plaintiff to confirm the Report of

Sale of the Clerk and Master.  It appearing to the Court that this Report has been on file more than five (5) days

and is without exception.

It is, therefore, ORDERED by the Court that the Motion to Confirm be, and the same hereby is, granted.

All rights, title and interest of the Defendant(s) **IRVIN, DEBRA A.**, and any and all unknown heirs-at-law or

devisees, and of all other interested parties to this suit and to said parcel of land be divested out of them and be

vested into the purchaser(s), **DARYL SPICER**, subject to the equity of redemption.

Upon request, the Clerk and Master will provide a certified copy of this Final Decree available to the

purchaser for recording with the Register of Deeds. This Final Decree shall convey good title to the tax sale

purchaser(s) against any conveyance of the property while it was under the jurisdiction and control of the

Chancery Court, after the Decree for Sale was entered, but prior to this Final Decree being signed and available

for recording by the tax sale purchaser. Tenn. Code. Ann. § 66-3-101.

The costs of the certified Final Decree will be paid by said purchaser(s), and on application, a writ of possession will issue to put the purchaser(s) in possession of said parcel of land at purchaser's(s') cost.

Out of the proceeds of said sale, the Clerk and Master will make disbursements in the following order:

1.     The costs of this cause.

2.     All real property taxes, penalty, interest, statutory attorney fees, and costs due and payable to the Metropolitan Government on the date of the sale.

3.     Any parks or other liens held by the Metropolitan Government which are of record in the Register's Office for Davidson County, Tennessee.

The Clerk and Master will retain, subject to rightful claims, whatever balance may remain after the above payments. The purchaser(s) shall be liable for the taxes assessed against the property beginning with the year **2012** and continuing so long as he shall own the property.

All other matters are reserved.

The Report of Sale of the Clerk and Master follows and is incorporated herein.

_____
CHANCELLOR

Approved for Entry:

THE DEPARTMENT OF LAW OF THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY
SAUL SOLOMON, # 11689, DIRECTOR OF LAW

_____
J. Brooks Fox, # 16096
Jason P. Bobo, #29756
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P. O. Box 196300
Nashville, TN 37219
(615)862-6343
*Attorneys for Plaintiff*

I hereby certify that this is a true copy
of original instrument filed in my office.
This _12_ day of _November_ 2013
CRISA SCOTT, Clerk & Master
By _____ Deputy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Final Decree Confirming Sale* has been forwarded by U.S. Mail to the following, this _4th_ day of November, 2013.

IRVIN, DEBRA A.
307 ALTA LOMA RD
GOODLETTSVILLE, TN 37072

DARYL SPICER
2007 KIMBERLY DR
MT JULIET, TN 37122

**METRO MAIL**
Metropolitan Trustee
Metropolitan Assessor

Jason P. Bobo

METROPOLITAN GOVERNMENT ETC.    FILE NO. 13-299-II

VS.    BILL NO. 3548

DELINQUENT TAXPAYERS ETC.    MAP & PARCEL No: 06115014900
(DEBRA A IRVIN)

## REPORT OF SALE

To the Chancellor:

An order was entered in this case on JUNE 10, 2013 on page 39 of Tax Minute

Book 132 directing the Clerk and Master to sell the following described property:

Land in Davidson County, Tennessee

1125 SUNNYMEADE DR
NASHVILLE, TN 37216
0.19 Acres
Map and Parcel Number    06115014900
Deed Book , Page    20030325    0039251

TERMS OF SALE: Cash. To the highest and best bidder. Subject to the right of equity of redemption.
The purchaser(s) shall be liable for payment of taxes assessed against the property beginning with the
year 2012, and continuing so long as purchaser(s) shall own the property. If there are any excess
funds remaining from the proceeds of said sale after distribution of all taxes and costs as specified above, a reference
will be made to pay any full year's taxes, interest and penalty due and payable to the Metropolitan Government on
the date of sale. Judgment in this cause is in the amount of $1853.58 plus interest, penalty,
statutory attorney's fees and costs as provided by law.

I respectfully report that I advertised for the required time in the Tennessean, a newspaper

published in Nashville, stating that in the Jury Assembly Room, Ground Floor of the Metropolitan

Courthouse, One Public Square, Nashville TN 37201, at 12:00 o'clock noon, on WEDNESDAY,

SEPTEMBER 18, 2013, I would sell the above described property upon the stated terms. I hold the sale

as ordered and the property was fairly struck off and sold to DARYL SPICER for $71,000.00. The

purchaser(s) complied by paying $71,000.00.

STATE OF TENNESSEE
COUNTY OF DAVIDSON
The actual consideration or true value,
whichever is greater for this transfer is
$ 71,000.⁰⁰
_____, Affiant
Subscribed and sworn before me this the
14 Day of November, 2013.
_____, Deputy Register

DARYL SPICER    Owner
2007 KIMBERLY DR
MT JULIET, TN 37122    tax bills

Respectfully Submitted,

CRISTI SCOTT

Clerk and Master

By _____

Deputy Clerk and Master

## IN THE CHANCERY COURT, PART II, DAVIDSON COUNTY, TENNESSEE

FILED

'2013 OCT -7 PM 12: 00

CLERK & MASTER
DAVIDSON CO CHANCERY CT

_____ D.C. & M

THE METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY,
IN ITS OWN BEHALF AND FOR THE USE
AND BENEFIT OF THE STATE OF
TENNESSEE,

                 *PLAINTIFFS*

*vs.*

DELINQUENT TAXPAYERS AS SHOWN
ON THE 2011 REAL PROPERTY TAX
RECORDS OF THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND
DAVIDSON COUNTY

DEBRA A. IRVIN

                 *DEFENDANTS*

File No. 13-299-II

Control No. 3548

Map & Parcel No. 06115014900

## REPORT OF THE CLERK AND MASTER

**TO THE CHANCELLOR:**

*Pursuant to the Order of Reference entered in Tax Minute Book 132, Page 39 on June 10, 2013, I find as follows:*

1. *The total amount of taxes, interest, penalty, statutory attorney's fee, clerk's filing fee and initial certified mail fee due and payable to the Metropolitan Government on the date of sale, September 18, 2013.*

    2011                   $2047.17
    2012                   $1798.38
                          $3845.55

2. *Court costs due and payable to the Clerk and Master on the date of sale, September 18, 2013.*

                          $1604.22

*Respectfully submitted,*
*CRISTI SCOTT*
*Clerk and Master*

By _____
*Deputy Clerk and Master*

FILED

2016 FEB -4 PM 9: 18

# Exhibit 2



| QUITCLAIM DEED | OATH OF CONSIDERATION: |
|---|---|
| Davidson County   DEEDQC<br>Recvd: 08/11/14 14:29   2 pgs<br>Fees:13.00 Taxes:351.50<br>**20140811-0072317** | SS.<br>STATE OF TENNESSEE<br>COUNTY OF DAVIDSON<br>THE ACTUAL CONSIDERATION OR FAIR MARKET<br>VALUE FOR THIS TRANSFER IS $ ___ 95,c___<br><br>AFFIANT<br>SWORN TO AND SUBSCRIBED BEFORE ME THIS ___<br>DAY OF ___, 2014.<br><br>NOTARY PUBLIC<br>MY COMMISSION EXPIRES: |

### THIS INSTRUMENT PREPARED BY:
**WALKER LAW OFFICES**
69 THOMPSON LANE
NASHVILLE, TENNESSEE 37211
OFFICE: (615) 463-3760

| ADDRESS OF NEW OWNER(S):<br>REO Holdings, LLC<br>69 Thompson Lane<br>Nashville, Tennessee 37211 | SEND TAX BILLS TO:<br>Same | MAP-PARCEL NUMBER(S):<br>061 15 0 149.00 |
|---|---|---|

### QUITCLAIM DEED

THIS INSTRUMENT, made and entered into this 9th day of August, 2014, by and between Debra A. Irvin and husband Lee R. Irvin, *("Grantors")* and REO Holdings, LLC, a Tennessee Limited Liability Company *("Grantee")*;

### WITNESSETH:

FOR AND IN CONSIDERATION of the sum of ten dollars ($10) and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, Grantors do hereby convey, transfer, remise, release, relinquish and quitclaim unto Grantee, Grantee's heirs and assigns, all of Grantors' right, title and interest, specifically including their statutory right of redemption arising from the tax sale confirmed by decree entered November 8, 2013[1], in and to the following described real estate in Davidson County, State of Tennessee, to-wit:

> Being Lot No. 25 of Block "B" on the Map of the re-subdivision of Sunnymeade as of record in Book 974, Page 56 and 57, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete legal description of subject lot.
>
> This conveyance is made subject to all restrictions and easements of public record; and to the plan of record in Book 974, page 56 and 57, Register's Office of Davidson County, Tennessee
>
> Being the same property conveyed to Debra A. Irvin of record in Instrument # 20030325-0039251, Register's Office for Davidson County, Tennessee;

The above-described property is improved property known as: **1125 Sunnymeade Drive, Nashville, TN 37216**

IN WITNESS WHEREOF, Grantors have caused this instrument to be executed on the date first above written.

---

[1] Davidson County Chancery Court Tax Civil Action No. 12-299-II, entered November 14, 2013. Recorded in Instrument #20131114-0117637 Davidson County Register of Deeds

GRANTORS:

_Debra A. Irvin_ (signature)
DEBRA A. IRVIN

_Lee R. Irvin_ (signature)
LEE R. IRVIN


SS.
STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

**BEFORE ME**, the undersigned Notary Public of the State and County aforementioned, personally appeared <u>DEBRA A. IRVIN AND LEE R. IRVIN</u>, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged themselves to be the within named bargainor, and that they executed the foregoing instrument for the purpose therein contained.

**WITNESS** my hand and seal, this 9ᵗʰ day of _August_, 2014.

_Julie Coone_ (signature)
Notary Public
My Comm. Exp.: 5-24-17

(Notary seal: JULIE COONE / STATE / OF / TENNESSEE / NOTARY / PUBLIC / MAURY COUNTY, TENN.)


### CERTIFICATE OF AUTHENTICITY

I, Charles Walker, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

_Charles Walker_ (signature)
CHARLES WALKER

State of Tennessee
County of Davidson

Personally appeared before me, Julie Coone, a notary public for this county and state, Julie Coone, who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

_Julie Coone_ (signature)
JULIE COONE, NOTARY PUBLIC
My commission expires: May 24, 2017

(Notary seal: JULIE COONE / STATE / OF / TENNESSEE / NOTARY / PUBLIC / MAURY COUNTY, TENN.)

# Exhibit 3

136. 625

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY IN )
ITS OWN CAPACITY AND FOR THE USE )
AND BENEFIT OF THE STATE OF TENNESSEE, )

RECEIVED
OCT 28 2014
Dav. Co. Chancery Court

Plaintiff, )

```
Davidson County        ROS
Recvd: 11/05/14 16:05      5 pgs
Fees:28.00 Taxes:46.16
20141105-0102346
```

**REAL PROPERTY**

v. )

Tax Civil Action
No. 13-299-II

DELINQUENT TAXPAYERS AS SHOWN ON )
THE 2011 REAL PROPERTY TAX RECORDS )
OF THE METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, )
TENNESSEE )

FILED
2014 NOV -3 PM 4: 23
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

IRVIN, DEBRA A. )
Bill No:     3548 )
Map & Parcel No: 06115014900 )

### DECREE FOR REDEMPTION

It appearing to this Honorable Court that **IRVIN, DEBRA A.**, by and through **CHARLES WALKER, Attorney for REO HOLDINGS, LLC**, has exercised the right of redemption in accordance with Tenn. Code Ann. § 67-5-2701 and paid into the Court the amount required in order to redeem the property described as:

**1125 SUNNYMEADE DR NASHVILLE 37216**
**Map & Parcel No: 06115014900**

1.     That all the right, title and interest of the purchaser(s), **DARYL SPICER**, and said parcel of land be divested out of **DARYL SPICER** and be vested into **IRVIN, DEBRA A.**

2.     That, upon request, the Clerk and Master will provide a certified copy of this decree for recording with the Register of Deeds.

The costs of the certified decree will be paid by Defendant and upon application, a writ of possession will issue to put the Defendant in possession of said parcel of land at Defendant's cost.

3.     That the purchaser(s) be refunded the purchase amount, interest as called for by law, and all other lawful charges.

THE AMOUNT PAID TO REDEEM
THIS PROPERTY IS $ 12,474.83

DEPUTY CLERK & MASTER

_____
_Carol L. McCoy_
**CHANCELLOR**

Approved for Entry:

THE DEPARTMENT OF LAW OF THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY
SAUL SOLOMON, #11689, DIRECTOR OF LAW

_Jason P. Bobo_
J. Brooks Fox, #·16096
Margaret O. Darby, #20701
Jason P. Bobo, #29756
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P. O. Box 196300
Nashville, TN 37219
(615) 862-6343
_Attorneys for Plaintiff_

I hereby certify that this is a true copy
of original instrument filed in my office.
This _4th_ day of _November_ 20_14_
CRISTI SCOTT, Clerk & Master
By _Jeff Goffo_
Deputy

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing _Decree for Redemption_ were forwarded by U.S. Mail
to the following this _28th_ day of October, 2014.

IRVIN, DEBRA A.
307 ALTA LOMA RD
GOODLETTSVILLE, TN 37072

DARYL SPICER
2007 KIMBERLY DR
MT JULIET, TN 37122

CHARLES WALKER, Attorney
for REO HOLDINGS, LLC
69 THOMPSON LANE
NASHVILLE, TN 37211

New Owner and send tax bills:
REO Holdings, LLC
69 Thompson Lane
Nashville, TN 37211

**METRO MAIL**
Metropolitan Assessor
Metropolitan Trustee

_Jason P. Bobo_
JASON P. BOBO

# CHANCERY COURT
# DAVIDSON COUNTY
# OFFICE OF CLERK AND MASTER
# NASHVILLE, TENNESSEE

STATE OF TENNESSEE ETC

13-299-II VS. 06115014900

DELINQUENT TAXPAYERS ETC.
(Debra A Irvin)

TO:   Daryl Spicer
      2007 Kimberly Drive
      Mt Juliet TN 37122

## NOTICE OF REDEMPTION PROCESS

YOU ARE HEREBY NOTIFIED THAT ON SEPTEMBER 19, 2014, FUNDS WERE TENDERED TO REDEEM THE PROPERTY SOLD IN THIS CAUSE. You have 30 days from the date of the tender to file the attached claim requesting additional amounts to be paid to compensate you for any lawful charges or monies you have expended to preserve the value of the property. If you protest the redemption on other grounds, you must explain your objection in papers filed with the Clerk and Master pursuant to the Tennessee Rules of Civil Procedure.

CRISTI SCOTT, CLERK & MASTER

BY _Christy Daniel_

Deputy Clerk and Master

DATE _9-19-14_

_10/2/14 Ready for redemption decree cDaniel_

2014 OCT -6 AM 8:47
METRO DEPT OF LAW

Payer of Funds to Redeem:
Charles Walker, Attorney for REO Holdings, LLC
Walker Law Offices
69 Thompson Lane
Nashville TN 37211

Purchase Price            $71,000.00
Date Purchase Price Pd    9/24/13
Redemption Date           8/19/14
Redemption Amt Pd         $12474.83
Interest Pd To Date       $7025.06

OATH OF CONSIDERATION:

The actual consideration for this transfer is $12,474.83

_____
Affiant
SS
State of Tennessee
County of Davidson

Sworn to and subscribed before me this 5th day of November, 2014.

_____
Notary Public
My comm exp: 7-3-17

## CERTIFICATE OF AUTHENTICITY

I, Charles Walker, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

_____
CHARLES WALKER

State of Tennessee
County of Davidson

Personally appeared before me, Julie Coone, a notary public for this county and state, Charles Walker, who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

_____
JULIE COONE, NOTARY PUBLIC
My commission expires: May 24, 2017



# Exhibit 4

## QUITCLAIM DEED

Davidson County    DEEDQC
Recvd: 11/05/14 18:08    3 pgs
Fees:17.00 Taxes:0.00

**20141105-0102347**

**OATH OF CONSIDERATION:**

SS.
STATE OF TENNESSEE
COUNTY OF DAVIDSON
THE ACTUAL CONSIDERATION FOR THIS TRANSFER
IS $ _____ -0-

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS PAUL JOHNSON
DAY OF August 2014

NOTARY PUBLIC
MY COMMISSION EXPIRES 7-2-17



THIS INSTRUMENT PREPARED BY:
**WALKER LAW OFFICES**
69 THOMPSON LANE
NASHVILLE, TENNESSEE 37211
OFFICE: (615) 463-3760

| ADDRESS OF NEW OWNER(S): | SEND TAX BILLS TO: | MAP-PARCEL NUMBER(S): |
|---|---|---|
| REO Holdings, LLC<br>69 Thompson Lane<br>Nashville, Tennessee 37211 | Same | 061 15 0 149.00 |

## QUITCLAIM DEED

THIS INSTRUMENT, made and entered into this 9th day of August, 2014, by and between Debra A. Irvin and Lee R. Irvin, *("Grantors")* and REO Holdings, LLC, a Tennessee Limited Liability Company *("Grantee")*;

## WITNESSETH:

FOR AND IN CONSIDERATION of the sum of ten dollars ($10) and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, Grantors do hereby convey, transfer, remise, release, relinquish and quitclaim unto Grantee, Grantee's heirs and assigns, all of Grantors' right, title and interest, in and to the following described real estate in Davidson County, State of Tennessee, to-wit:

> Being Lot No. 25 of Block "B" on the Map of the re-subdivision of Sunnymeade as of record in Book 974, Page 56 and 57, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete legal description of subject lot.
>
> This conveyance is made subject to all restrictions and easements of public record; and to the plan of record in Book 974, page 56 and 57, Register's Office of Davidson County, Tennessee
>
> Being the same property conveyed to REO Holdings, LLC, by Quitclaim Deed from Debra A. Irvin and Lee R. Irvin, of record in Instrument # 20140811-0072317; Register's Office for Davidson County, Tennessee; Decree for Redemption of record in Instrument # 20141105-0102346 _____, Register's Office for Davidson County, Tennessee.

The above-described property is improved property known as: **1125 Sunnymeade Drive, Nashville, Tennessee 37216**

IN WITNESS WHEREOF, Grantors have caused this instrument to be executed on the date first above written.

GRANTORS:

**THIS DEED IS TO BE EFFECTIVE IMMEDIATELY FOLLOWING THE ENTRY OF THE DECREE FOR REDEMPTION ON THE ABOVE DESCRIBED PARCEL FROM THE DAVIDSON COUNTY CHANCERY COURT NO. 13-299-II TO CONFIRM TITLE VESTING IN THE REDEMPTIONER REO HOLDINGS, LLC.**

GRANTORS:

_Debra A. Irvin_ (signature)
DEBRA A. IRVIN

_Lee R. Irvin_ (signature)
LEE R. IRVIN

SS.
STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

BEFORE ME, the undersigned Notary Public of the State and County aforementioned, personally appeared <u>DEBRA A. IRVIN AND LEE R. IRVIN</u>, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged themselves to be the within named bargainor, and that they executed the foregoing instrument for the purpose therein contained.

WITNESS my hand and seal, this 9th day of August, 2014.

_Julie Coone_ (signature)
Notary Public
My Comm. Exp.: 5-24-17



JULIE COONE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
MACON COUNTY, TENN.

## CERTIFICATE OF AUTHENTICITY

I, Charles Walker, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

CHARLES WALKER

State of Tennessee
County of Davidson

Personally appeared before me, Julie Coone, a notary public for this county and state, Charles Walker, who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

JULIE COONE, NOTARY PUBLIC
My commission expires: May 24, 2017

JULIE COONE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
MAURY COUNTY, TENN.

# Exhibit 5



| WARRANTY DEED | OATH OF CONSIDERATION: |
|---|---|
| Davidson County   DEEDWARR<br>Recvd: 11/24/14 07:51   3 pgs<br>Fees:18.00 Taxes:610.50<br>**20141124-0107620** | SS.<br>STATE OF TENNESSEE<br>COUNTY OF _Davidson_<br>THE ACTUAL CONSIDERATION OR VALUE,<br>WHICHEVER IS GREATER FOR THIS TRANSFER IS<br>$183,000.00 |

SWORN TO AND SUBSCRIBED BEFORE ME THIS 21ST
DAY OF NOVEMBER, 2014.

NOTARY PUBLIC

MY COMMISSION EXPIRES: 5-10-17

| THIS INSTRUMENT PREPARED BY:<br>TEAM TITLE, INC.<br>69 THOMPSON LANE<br>NASHVILLE, TENNESSEE 37211<br>OFFICE: (615) 367-5111 | | |
|---|---|---|
| ADDRESS OF NEW OWNER(S):<br>Nationwide Investments, LLC<br>121 Wisconsin Avenue Suite 101<br>Whitefish, MT 59937 | SEND TAX BILLS TO:<br><br>SAME | MAP-PARCEL NUMBER(S):<br>061 15 0 149.00 |

### WARRANTY DEED

FOR AND IN CONSIDERATION OF TEN DOLLARS and other good and valuable consideration, the receipt and legal sufficiency of all of which are hereby acknowledged, REO HOLDINGS, LLC, a Tennessee Limited Liability Company, *(hereinafter called the "Grantor"),* has this day bargained and sold, transferred and conveyed and by these presents does bargain, sell, transfer and convey unto Nationwide Investments, LLC, a Montana Limited Liability Company, *(hereinafter called "Grantee"),* a certain tract or parcel of land in Davidson County, State of Tennessee, described as follows, to-wit:

> Being lot No. 25 of Block "B", on the map of the re-subdivision of Sunnymeade as of record in Book 974, Page 56 and 57, Register's Office for Davidson County, Tennessee, to which plan reference is hereby made for a more complete and accurate description.

Being the same property conveyed to REO Holdings, LLC, a Tennessee Limited Liability Company by Decree for Redemption of record in 20141105-0102346, Davidson County Register of Deeds, REO Holdings, LLC, having exercised the statutory right of redemption obtained by Quitclaim Deed from Debra A. Irvin and husband Lee R. Irvin, in Instrument No. 20140811-0072317, Davidson County Register of Deeds; Further, no creditor or prior lien holder having exercised any right of redemption in Case # 13-299-II, Davidson County Chancery Court, extinguishing all prior lien holders and vesting title in REO Holdings, LLC, fee simple absolute, pursuant to Tenn. Code Ann § 67-5-2706.

The above-described property is improved property known as: **1125 Sunnymeade Drive, Nashville, Tennessee 37216**

THIS CONVEYANCE IS SUBJECT TO:
(1) Current year's property taxes which have been prorated and assumed by the Grantee;
(2) All restrictions of record;
(3) All easements of record;
(4) All matters appearing on the plan of record in Plat Book 974, Page 56 and 57;
(5) All applicable government and zoning regulations;

TO HAVE AND TO HOLD, the aforesaid real estate, together with all appurtenances and hereditaments thereunto appertaining unto Grantee, its successors and assigns in fee simple forever.

Grantor covenants that Grantor is lawfully seized and possessed of said real estate, has full power and lawful authority to sell and convey the same; that the title thereto is free, clear and unencumbered except as aforesaid; and, Grantor will forever warrant and defend the same against the lawful claims of all persons whomsoever.

The words "Grantor" and "Grantee" shall include their respective successors and assigns where the context requires or permits.

IN WITNESS WHEREOF, the Grantor has caused this instrument to be executed on this 21st day of November, 2014.

<div style="margin-left:40%">

GRANTOR:
**REO HOLDINGS, LLC, A TENNESSEE
LIMITED LIABILITY COMPANY**

BY: _____

Andrew Mitchell
Authorized Member

</div>

SS.

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

BEFORE ME, _Julie Coone_____, a Notary Public in and for the State and County aforesaid, personally appeared _Andrew Mitchell_ with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the duly authorized member REO Holdings, LLC, a Tennessee Limited Liability Company and that he, as such duly elected authorized member, executed the foregoing instrument for the purpose therein contained, by signing the name of the REO Holdings, LLC, by himself as authorized member.

WITNESS my hand and seal, this 21st day of November, 2014.

_____
Notary Public
My Comm. Exp.: 5-24-17

## CERTIFICATE OF AUTHENTICITY

I, Charles Walker, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

CHARLES WALKER

State of Tennessee
County of Davidson

Personally appeared before me, Julie Coone, a notary public for this county and state, Charles Walker, who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

JULIE COONE, NOTARY PUBLIC
My commission expires: May 24. 2017

JULIE C. COONE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
MAURY COUNTY, TENN.



# Exhibit 6

# WARRANTY DEED

Bill Garrett Davidson County
Batch# 10910   DEEDWARR
10/10/2017 03:19:30 PM    2 pgs
Fees: $13.00  Taxes: $1,165.50
20171010-0104000

STATE OF TENNESSEE
COUNTY OF Davidson

THE ACTUAL CONSIDERATION FOR THIS TRANSFER OR VALUE OF THE PROPERTY TRANSFERRED, WHICHEVER IS GREATER IS, **$315,000.00**.

_____
Affiant

Subscribed and sworn to before me the __ day of __October__, 20__

_____
Notary Public
My Commission expires __3 7 0 3 1__
(Affix Seal)

---

**THIS INSTRUMENT PREPARED BY**
Nashville Title Insurance Corporation, 2818 Bransford Avenue, Nashville, Tennessee 37204

| ADDRESS OF NEW OWNER | SEND TAX BILLS TO | MAP & PARCEL NUMBER |
|---|---|---|
| Annali Kingston | Same | 061-15-0-149.00 |
| 1125 Sunnymeade | | |
| Nashville, TN 37216 | | |

---

**WITNESSETH:** That for and in consideration of TEN dollars, cash in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged, Nationwide Investments, LLC, a Montana Limited Liability Company, hereinafter called the GRANTOR, does hereby bargain, sell, convey and confirm unto Annali Kingston, an unmarried woman and Lisa K. Smith, an unmarried woman, their heirs and assigns, hereinafter called the GRANTEE, the following described real estate, situated and being located in Davidson County, Tennessee:

Being Lot No. 25 of Block "B", on the map of the re-subdivision of Sunnymeade as of record in Book 974, Pages 56 and 57, Register's Office for Davidson County, Tennessee, to which plan reference is hereby made for a more complete and accurate description.

Being the same property conveyed to Nationwide Investments, LLC, a Montana Limited Liability Company from REO HOLDINGS, LLC, a Tennessee Limited Liability Company by Warranty Deed on November 21, 2014, of record in Instrument Number 20141124-0107620, Register's Office for Davidson County, Tennessee.

The property is subject to any and all existing easements and restrictions as shown of record including the following:

- Taxes and assessments for the year 2017 in the estimated amount of $1,797.37 for County and subsequent years, plus any penalties and interest which may accrue for Map & Parcel 061-15-0-149 00, which are not due until 10/1/2017

- Subject to all matters as shown on the Plan of record in Plat Book 974, Pages 56 and 57, Register's Office for Davidson County, Tennessee.

This is improved property known as: 1125 Sunnymeade Drive, Nashville, TN  37216

**TO HAVE AND TO HOLD** The aforesaid real estate, together with all the appurtenances and hereditaments thereunto belonging or in any wise appertaining unto the GRANTEE, his heirs, successors and assigns in fee simple forever. And the GRANTOR does hereby covenant with the GRANTEE that he is lawfully seized in fee of the aforedescribed real estate; that he has a good right to sell and convey the same; that the same is unencumbered, and that the title and quiet possession thereto he will warrant and forever defend against the lawful claims of all persons



Wherever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders

WITNESS our hands this October 6, 2017.

Nationwide Investments, LLC

By: Charles Walker, Authorized Member

STATE OF TENNESSEE
COUNTY OF Dauid e n l

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, Charles Walker, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who upon oath acknowledged that he is the authorized member of Nationwide Investments, a Montana Limited Liability Company, the maker, that he is authorized by the maker to execute the within instrument on its behalf, and who acknowledged that he executed the within instrument, on behalf of the maker, for the purposes therein contained.

Witness my hand and official seal, at office in ___Nashville___, Tennessee, this ___ day of October, 2017.

_____  My Commission Expires: ___5-3-2021___
NOTARY PUBLIC

I, Andy Maloney, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

_____
Signature

State of TN
County of Davidson

Personally appeared before me, Julie Coone, a notary public for this county and state, Andy Maloney, who acknowledges that this certificate of an electronic document is true and correct and whose signature I have witnessed.

_____   Commission expires: ___5-3-2021___
Notary's Signature

JULIE COONE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
MAURY COUNTY, TENN.

# Exhibit 7



This Instrument Prepared by:
(address of new owner and send tax bills)

GREEN WISE HOMES LLC
8 The Green
Suite #6396
Dover, Delaware 19901

## QUITCLAIM DEED

This indenture is made this 6th day of September, 2018, between Charles Edward Walker (hereinafter "Grantor") and GREEN WISE HOMES, LLC, a Delaware Limited Liability Company, (hereinafter "Grantee").

KNOW YE ALL MEN BY THESE PRESENTS that for and in consideration of the sum of ten and no/100 dollars ($10.00) cash in hand paid and to satisfy an antecedent debt to the grantee, the receipt and legal sufficiency of which is hereby acknowledged, Grantor does quitclaim unto Grantee all of his right, title and interest in and to the real property described in Exhibits 1-14, attached hereto and incorporate herewith.

IN WITNESS WHEREOF, Grantor has affixed his hand and seal on the date first written.

GRANTOR - CHARLES EDWARD WALKER

SS. - to-wit:

STATE OF TENNESSEE

COUNTY OF DAVIDSON

Before me, the undersigned Notary Public of the State and County aforementioned, personal appeared CHARLES EDWARD WALKER, which whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the within named bargainor, and that he executed the foregoing instrument for the purpose therein contained.

WITNESS my hand and seal, this 11th day of Sept., 2018.

Notary Public
My Comm. Exp.: July 9, 2022

Oath: The actual cash paid for the transfer is $10.00.

Affiant

Aisha Bass 9-12-2018
Deputy Register

## Exhibit 1

Improved Property: 109 Prescott Place, Nashville, TN

Map/Parcel No.: 119-10-0-A-109

Derivation Clause:   Source of Grantor's title is Instrument No. 20080627-0066774

Legal Description:

> Land in Davidson County, Tennessee, being Unit No. 109, on the Plan of Prescott Place Condominiums, of record in Book 6200, Page 257, as supplemented in Book 6250, Page 537, and as described in Master Deed of record in Book 6615, Page 743; Book 6639, Page 416; Book 6779, Page 691, Register's Office for said County, to which plan reference is hereby made for a more complete description.

## Exhibit 2

Improved Property: 102 Prescott Place, Nashville, TN

Map/Parcel No.: 119100A10200CO

Derivation Clause:  Source of Grantor's title is Instrument No. 20120320-0023602

Legal Description:

> LAND in Davidson County, Tennessee, being all of Unit No. 102 on the Plan of Prescott Place Condominiums, as shown by plat appearing of record in Plat Book 6200, page 257, as revised in Plat Book 6250, page 537 of the Register's Office of Davidson County, Tennessee, to which plat reference is hereby made for a more complete detail of said unit.

## Exhibit 3

Improved Property: 104 Prescott Place, Nashville, TN

Map/Parcel No.: 119-10-0-A-104.00

Derivation Clause:  Source of Grantor's title is Instrument No. 20130109-0002881

Legal Description:

> Land in Davidson County, Tennessee, being Unit No. 104, Plan of Prescott Place Condominiums, as shown on plat of record in Book 6200, page 257, amended in Book 6250, page 537, as established under Master Deed of record in Book 6615, page 743, amended in Book 6639, page 416 and further amended in Book 6779, page 691, in the Register's Office, Davidson County, Tennessee, to which master deed reference is hereby made for a more particular description of said unit.

## Exhibit 4

Improved Property: 108 Prescott Place, Nashville, TN

Map/Parcel No.: 119 10A 108CO

Derivation Clause: Source of Grantor's title is Instrument No. 20130712-0072088   

Legal Description:

> A certain condominium apartment in Davidson County,
> Tennessee, being Unit No. 108 on the plan of Prescott
> Place Condominiums of record in Book 6200 at page 257,
> as amended in Book 6250 at page 537, Register's Office for
> Davidson County, Tennessee.

Exhibit 5

Improved Property: 2929 Selena Drive #138, Nashville, TN

Map/Parcel No.: 119 14 0A 138.00

Derivation Clause: Source of Grantor's title is Instrument No. 20130826-0089518

Legal Description:

> Unit No. 138, as shown on the Site Plan of Kingswood
> Condominiums, of record in Book 5200, Page 520,
> Register's Office for Davidson County, Tennessee, together
> with the undivided percentage interest in the common
> elements appurtenant to said Unit, set forth in Exhibit "C"
> of the Master Deed, as amended, establishing Kingswood
> Condominiums, of record in Book 6058, Page 320, said
> Register's Office.

Exhibit 6

Improved Property: 2717 Gear St, Nashville, TN

Map/Parcel No.: 072-09-0 215-00

Derivation Clause: Source of Grantor's title is Instrument No. 20140714-0061819

Legal Description:

Land in Davidson County, Tennessee, being Lot No. 2, as shown on the map entitled Resubdivision of Lots 22 and 23 of the Bush Spain's Subdivision of Part of the Zack Stull Lands, of record in Instrument No. 20041216-0149677, Register's Office for Davidson County, Tennessee, to which said plan reference is hereby made for a more complete and accurate legal description thereof.



Exhibit 7

Improved Property: 112 Prescott Place, Nashville, TN

Map/Parcel No.: 119 10A 112CO

Derivation Clause: Source of Grantor's title is Instrument No. 20140314-0021345

Legal Description:

> LAND in Davidson County, Tennessee, being a part of the Plan
> of Prescott Place Condominiums, as of record in Plat Book 6200,
> page 257, as amended in Book 6250, page 537, Register's Office
> for Davidson County, Tennessee, the part hereby described as
> follows:
>
> BEING Unit No. 112 on said plan and described by the Master
> Deed Establishing Horizontal Property Regime with Respect to
> Prescott Place Condominiums, as of record in Book 6615, page
> 743, as amended in Book 6639, page 416, Register's Office of
> Davidson County, Tennessee.

Exhibit 8

Improved Property: 115 Prescott Place, Nashville, TN

Map/Parcel No.: 119 10 0A 115.00CO

Derivation Clause: Source of Grantor's title is Instrument No. 20140428-0035654

Legal Description:

Property located in Davidson County, Tennessee, being a certain condominium apartment in Davidson County, Tennessee, being Unit No. 115 on the plan of Prescott Place Condominiums, of record in Book 6200, Page 257, (erroneously referenced in prior deeds as "Page 256"), as amended in Book 6250, Page 537, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete and accurate description.

BEING Unit No. 115 on said plan and described by Master Deed Establishing Horizontal Property Regime with Respect to Prescott Place Condominums, as of recor din Book 6615, Page 743, as amended in Book 6639, Page 416, Register's Office for Davidson County, Tennessee.



Exhibit 9

Improved Property: 2901 Tuggle Ave., Nashville, TN

Map/Parcel No.:     11910022800

Derivation Clause: Source of Grantor's title is Instrument No. 20140722-0064953

Legal Description:

Land in Davidson County, Tennessee, being Lot No. 1, on the Map of Tuggle
Heights, Subdivision, as of record in Book 1130, page 90, Register's Office for said
county, to which reference is hereby made for a more complete and detailed
description of said lot.

Exhibit 10

Improved Property: 2903 Tuggle Ave., Nashville, TN

Map/Parcel No.:     119 14 0 152.00

Derivation Clause: Source of Grantor's title is Instrument No. 20140804-0069797

Legal Description:

Land in Davidson County, Tennessee, being Lot No. 3 on the Map of Tuggle Heights of
record in Book 1130, Page 90, Register's Office for Davidson County, Tennessee.

Said Lot 3 fronts 60 feet on the westerly side of Tuggle Avenue and runs back between
lines, 158.7 feet on the north line and 158.5 feet on the south line to a dead line in the rear
on which it measures 60 feet.

Exhibit 11

Improved Property: 2929 Selena Drive #118, Nashville, TN

Map/Parcel No.:     119 14 0A 118.00CO

Derivation Clause:  Source of Grantor's title is Instrument No. 20111109-0087676

Legal Description:

A certain condominium apartment in Davidson County, Tennessee, being unit no.
118, as shown on the site plan of Kingswood Condominiums, of record in book 5200,
page 520, Register's Office for Davidson County, Tennessee, together with the
undivided percentage interest in the common elements appurtenant to said unit as
set forth in Exhibit C of the master deed establishing Kingswood Condominiums,
as amended, of record in book 6058, page 320, said Register's Office.



Exhibit 12

Improved Property: 2929 Selena Dr #27, Nashville, TN

Map/Parcel No.: 119 140A 027.00

Derivation Clause: Source of Grantor's title is Instrument No. 20130111-0003936

Legal Description:

**Being Unit Number 27, Building "B", on the Plan of Kingwood Condominiums, of record in Book 5200, Page 520, Register's Office for Davidson County, TN, to which plat reference is hereby made for a more complete description.**

Exhibit 13

Unimproved Property: 3218 Glencliff Road, Nashville, TN

Map/Parcel No.: 13304000900

Derivation Clause: Source of Grantor's title is Instrument No. 20140625-0055295

Legal Description:

Being Parts of Lots 20, 21 and a tract marked "For Future development" as shown on the Map of J. P. Ellis' Glencliff Subdivision, Section "A", a part of the Morton tract, of record in Book 1130, Page 23, Register's Office for Davidson County, Tennessee, a more particularly described according to a survey by Ralph W. C. Lambert, dated August 23, 1964, as follows: Beginning at an iron pin on the Easterly margin of Glencliff Road, 18 feet Southerly from the Southwest corner of Lot No. 21; thence S85°25'E, 262 feet to an iron pin; thence N3°05'E, 132 feet to an iron pin 20 feet North of the original line between Lots Nos. 20 and 21; thence 132 feet to an iron pin 20 feet North of the original line between Lots. Nos. 20 and 21, S88°30'E, 272 feet to a corner fence post, being J. E. Forman's Southeast corner in the Westerly line of the Lewis Payne property; thence with Payne's Westerly line S30°30'W, 371.5 feet to an iron pin in the Northerly margin of Old Antioch Pike; thence S86°W, 476 feet to a railroad spike at the intersection of the Northerly margin of said pike and the Easterly margin of Glencliff Road; thence in a Northerly direction with the Easterly margin of said Road with the curve 257.2 feet to the point of beginning, containing 2.94 acres, more or less. Included in this description but specifically excluded herefrom is that portion of the property conveyed to Metropolitan Government for Nashville/Davidson County, of record in Book 4384, Page 894, being parts of Lots Nos. 20, 21 and a tract marked "For future development" on the Map of Book 1130, Page 23, Register's Office for Davidson County, Tennessee, containing 12,260 square feet. Also the rights for a temporary slope and construction easement to extend 40 feet beyond the new relocated Northerly margin of Antioch Pike. Said easement is to become null and void upon completion of the construction of said Pike.



Exhibit 14

Improved Property:  2825 Hartford Dr, Nashville, TN

Map/Parcel No.:  11910009100

Derivation Clause:  Source of Grantor's title is Instrument No. 20091231-0118778

Legal Description:

LAND in Davidson County, Tennessee, being Lot No. 72, on the Plan of Hidden Acres Subdivision, according to plat appearing of record in Book 1130, page 89, of the Register's Office of Davidson County, Tennessee, and being described as follows:

BEGINNING at a point in the westerly margin of Hartford Drive, being the northeasterly corner of the within described lot and the southeasterly corner of Lot 71; thence along the margin of Hartford Drive in a generally southerly direction 44.5 feet to a point; thence continuing along the westerly margin of Hartford Drive in a generally southerly direction 78.0 feet to a point; thence around a curve to the right, said curve having a radius of 20.0 feet or a distance of 31.4 feet to a point; thence along the northerly margin of Thompson Lane 121.2 feet to a point, said point being the southwesterly corner of the within described lot and the southeasterly margin of Lot 73; thence leaving the northerly margin of Thompson Lane and running in a generally northerly direction 166.7 feet to a point, thence running in a general easterly direction 163.8 feet to the point of beginning.

INCLUDED in the above description buy specifically EXCLUDED there from is the following described property:

Being a 10 foot strip along the westerly side of Lot 72 on the Plan of Hidden Acres Subdivision, of record in Book 1130, page 89, Register's Office for Davidson County, Tennessee, described according to a survey made October 7, 1959, by T.R. Sanford, Surveyor as follows:

BEGINNING in a northerly margin of Thompson Lane, being the southwesterly corner of Lot 72 (being also the southeasterly corner of Lot No. 73 on said Plan), and running thence northwardly along the common line between Lots 72 and 73, 166.7 feet to an iron pin at the southwesterly corner of Lot 71 on said Plan; thence easterly ten feet, more or less, along the southerly line of Lot No. 7 to the intersection of the broken line showing a 10-foot utility easement on Lot No. 72; thence southwardly along said broken line, parallel to and ten feet distance from the easterly line of Lot No. 73, 165 feet, more or less, to the northerly margin of Thompson Lane; thence westwardly, along the northerly margin of Thompson Lane, ten feet, more or less, to the beginning.



2019 APR -4 AM 11:59

FILED

# Exhibit 8

This Instrument Prepared by:
(address of new owner and send tax bills)

GREEN WISE HOMES LLC
8 The Green
Suite #6396
Dover, Delaware 19901



Karen Y Johnson  Davidson County
Batch# 152181                          DEEDQC
10/17/2018 03:10:25 PM              2 pgs
Fees $12.00  Taxes $0.00

20181017-0103118

## QUITCLAIM DEED

This Indenture is made this 12th day of September, 2018, between Jon Paul Johnson (hereinafter "Grantor") and GREEN WISE HOMES, LLC, a Delaware Limited Liability Company, (hereinafter "Grantee").

KNOW YE ALL MEN BY THESE PRESENTS that for and in consideration of the sum of ten and no/100 dollars ($10.00) cash in hand paid and to satisfy an antecedent debt to the grantee, the receipt and legal sufficiency of which is hereby acknowledged, Grantor does quitclaim unto Grantee all of his right, title and interest in and to the real property described in Exhibits 1 and 2, attached hereto and incorporate herewith.

IN WITNESS WHEREOF, Grantor has affixed his hand and seal on the date first written.

_____
GRANTOR - JON PAUL JOHNSON

SS. - to-wit:

STATE OF TENNESSEE

COUNTY OF DAVIDSON

Before me, the undersigned Notary Public of the State and County aforementioned, personal appeared JON PAUL JOHNSON, which whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the within named bargainor, and that he executed the foregoing instrument for the purpose therein contained.

WITNESS my hand and seal, this 11 day of October, 2018.

_____
Notary Public
My Comm. Exp.:

Douglas R. Sipes
Commission Expires
03-08-2021

DOUGLAS R. SIPES
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF DAVIDSON

Oath: The actual cash paid for the transfer is $10.00.

_____
Affiant

_____
Deputy Register

STATE OF TENNESSEE
COUNTY OF DAVIDSON
The actual consideration or true value,
whichever is greater for this transfer is
$ 10.00
_____, Affiant
Subscribed and sworn before me this the
17 Day of October 2018.
_____Deputy Register

Exhibit 1

Improved Property: 507 Garfield Street, Nashville, TN

Map/Parcel No.: 08108050500

Derivation Clause:   Source of Grantor's title is Instrument No. 20090106-0001380

Legal Description:

Being the easterly part of Lots 137 and 139 on the plan of North Nashville Realty Company's Subdivision, of record in Book 21, page 105, Register's Office for Davidson County, Tennessee.

Said part of lots fronts 54 feet 7 inches on the South side of Foster Street and runs back between lines, 100 feet and along the west margin of an alley, Lot No. 141, on which it measures 53.7 feet.

Exhibit 2

Improved Property: 923 Locklayer Street, Nashville, TN

Map/Parcel No.: 08213007200

Derivation Clause:  Source of Grantor's title is Instrument No. 20090112-0002864

Legal Description:

Being Lot No. 49 on the plan of Block "C" Bransford Realty Company's Subdivision of the South Part of the North Hill Tract, of record in Book 421, page 76, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete and accurate description.

Being the same property conveyed to Charles Walker, from Valerie W. Granderson, a single woman, by deed on August 21, 2008, of record in Instrument Number 20080822-0086535, Register's Office for Davidson County, Tennessee.