# IN THE TENNESSEE CHANCERY COURT
# FOR THE TWENTIETH JUDICIAL DISTRICT
# PART IV

ORIGINAL

2019 MAY -6 PM 3:46
CLERK & MASTER
DAVIDSON CO. CHANCERY CT
D.C. & M

FILED

DEBRA A. IRVIN,

              PLAINTIFF,

v.

GREEN WISE HOMES LLC,
CHARLES E. WALKER, JON PAUL
JOHNSON, JULIE COONE, JAMES
BRETT, and NATIONWIDE
INVESTMENTS LLC,

              DEFENDANTS.

CASE NO. 19-470-IV

JURY DEMAND

---

## DEFENDANT JON JOHNSON'S ANSWERS AND COUNTERCLAIMS AND THIRD PARTY CLAIMS

---

\* \* \* \* \*

**COMES NOW**, Jon Johnson, and for his answer to Plaintiff's Complaint DENIES EACH AND EVERY ALLEGATION AND LIE PUT FORTH BY PLAINTIFF AND HER ATTORNEYS and in addition to his general denial avers as follows:

1.    Admit that Ms. Irvin is a citizen of Tennessee and lacks sufficient knowledge or information to admit or deny is she resides in Sumner County.

2.    Admitted.

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 1 of 56

3.     Defendant is without sufficient knowledge to admit or deny this averment. Deny that the statute of limitations has been tolled.

4.     Admitted.

5.     Admit that Defendant Coone is a resident of the State of Tennessee and I lack knowledge or information sufficient to admit if she is residing in Dickson County.

6.     Defendant lacks knowledge or information sufficient to admit this averment.

7.     Defendant is without knowledge or information sufficient to admit this averment.

8.     Admit that T.C.A. § 16-11-101 et seq. confers jurisdiction. Deny that it is exclusive jurisdiction.

9.     Admit venue is proper in Davidson County pursuant to Statute.

10.    Admit that Plaintiff was an heir of Mary Ann Overstreet. Deny that she was the sole heir.

11.    Defendant lacks sufficient knowledge or information to admit this averment.

12.    Admit that Lee R. Irvin and Debra A. Irvin filed Chapter 7 Bankruptcy and that they were upside down on the house in that they owed $256,270.79 in secured claims on the house at 1125 Sunnymeade valued at $139,000, per their own

bankruptcy schedules. Deny that Julie Coone or any other named Defendant had anything to do with her losing her home. Judicial Notice can be taken of Case No. 13-299-II. She lost her home at a tax sale on September 18, 2013. Daryl Spicer bought her house at the tax sale and it was confirmed by the Davidson County Chancery Court on November 8, 2013.

13.     Denied. The property was sold for delinquent 2011 and 2012 taxes that totaled $3,845.55 and court costs due the Clerk and Master of $1,604.22. Admit Daryl Spicer purchased her home at the tax sale on September 18, 2013, and that all of Ms. Irvin's rights, title and interest in the property were divested from her on that date by Order of the Davidson County Chancery Court Case No. 13-299-II.

14.     Denied. This is a lie and an intentional misstatement of the law.

15.     Admit that Defendant Julie Coone visited the Irvin's on two occasions on behalf of REO Holdings, LLC. Deny the remainder of the averment as a lie and because it contradicts the terms of the written contract the Irvin's signed with REO Holdings, LLC, to purchase her right of redemption for $5,000.00. (Exhibit A).

16.     Denied. This averment is an intentional misstatement of the law.

17.     Denied. This is a lie and this statement was made with knowledge of its falsity.

18.     Denied.

19.     Admit that Mr. and Ms. Irvin signed two (2) Quit Claim Deeds on August 9, 2014 and exhibit 2 to the complaint is one (1) of the deeds. Deny the remainder of

the averment. It is an outright lie and was made with knowledge of its falsity by her and her attorneys.

20. Denied. This is an outright lie and was made with knowledge of its falsity by her and her attorneys.

21. Admit that one of the Deeds signed by the Irvins was recorded on August 11, 2014. Deny the rest of the averment. Admit that the inhumane and diabolical lies in the remainder of the averment were made by Ms. Irvin and her attorneys, all with knowledge of its falsity.

22. Admit that REO Holdings, LLC, filed a redemption on the property at 1125 Sunnymeade Drive, pursuant to a written contract with the Irvins. Deny the remainder of the averment; not only is it a lie, it is an intentional misstatement of the law

23. Deny that Defendant Coone or Walker redeemed the property. The court records speak for itself, REO Holdings, LLC, redeemed the property.

24. Admit that Ms. Irvin accused REO Holdings, LLC, of fraud and taking her excess proceeds. Ms. Irvin's attorney called on November 5th 2014, and I took a message for Defendant Walker.

25. Defendant lacks knowledge or information sufficient to admit this averment.

26.     Defendant lacks knowledge or information sufficient to admit what a Mr. Chambers discussed with Ms. Irvin.  Denied as to the rest and also, that it is a misstatement of the law.

27.     Admit that Ms. Coone is a friendly, helpful person and that she is a human being.  Denied as to the remainder--it is a lie and contains incorrect statements of law.

28.     Admit that Ms. Ivrin called REO Holdings, LLC.

29.     Denied.  Not only is this a lie, but it also contains inaccurate statement of law.

30.     Denied.

31.     Denied.

32.     Denied.  Not only is this a lie, but it is an inaccurate conclusion of law.

33.     Admit that Defendant Nationwide filed to quiet title.  Deny that it is attached as Exhibit 6 to Plaintiff's Complaint.  To the extent this averment seeks to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the court document.

34.     Admit that title issues had to be resolved and that Nationwide ultimately sold the property.  Denied that I received any share of the profits.

35.     Denied.  Ms. Irvin did not own the home during the "process" as she alleges.  I am without knowledge or information sufficient to know what she did with the rest of the money she received.

36.     Defendant relies on the previous answers for the respective averment as incorporated.

37.     Denied.  Not only is this a lie, but it is an intentional misstatement of the law.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Defendant relies on the previous answers for the respective averment as incorporated.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.  This statement makes no sense.

46.     Denied.

47.     Denied.

48.     Denied.

49. Defendant relies on the previous answers for the respective averment as incorporated.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendant relies on the previous answers for the respective averment as incorporated.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant relies on the previous answers for the respective averment as incorporated.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied that Plaintiff has the right to assert the lien lis pendens as described.

PLAINTIFF'S RELIEF REQUESTED:

Defendant denies that Plaintiff is entitled to any recovery whatsoever. Defendant further states that Plaintiff is not entitled to a lien lis pendens or any prejudgment attachment and that the Defendant has been severely harmed by her lies.

To the extent Plaintiff is asserting a trial by Jury Defendant demands a Jury of twelve (12).

## AFFIRMATIVE DEFENSES:

### First Affirmative Defense: (State of Limitations)

Defendant relies upon the affirmative defense of the statute of limitations contained in Tennessee Code Annotated Section 28-3-105 stating:

> The following actions shall be commenced within three (3)
> years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;
(2) Actions for the detention or conversion of personal property; and
(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability. T.C.A. § 28-3-105


## Second Affirmative Defense: (*Derryberry* Doctrine)

Plaintiff admits in her complaint that she became aware of the alleged "fraud" and called REO and "cussed" me out. After she became aware of the alleged fraud she proceeded on the transaction and cashed her $4,500 closing check. As a result, the *Derryberry* Doctrine prohibits any recovery.

In *Simon v. Goodyear Metallic Rubber Shoe Co.*, 105 F. 573 (6th Cir. 1900), *quoted* in *Wells v. Holley*, 145 Tenn. at 349-52, 235 S.W. at 431-32, the court said:

> The rule of damages in an action by one who has been fraudulently induced to make either a contract of sale or purchase, it must follow that if one, [*292] after full knowledge of the fraud and deceit by which he has been induced to make a sale of property, goes forward and executes it notwithstanding such fraud, the damage which he thereby sustains is voluntarily incurred. The maxim volenti non fit injuria has application to all loss resulting from the voluntary execution of a nonobligatory contract with full knowledge of the facts which render it voidable. Fraud without damage is not actionable. If the fraud be discovered while [**14] the contract is wholly executory, the party defrauded has the option of going on with it or not, as he chooses. If he executes it, the loss happens from such voluntary execution, and he cannot recover for a loss which he deliberately elected to incur. *Id.* at 579 (citations omitted).

*Graham*, 594 S.W.2d at 726-27.

In *Gilbert v. Hunnewell, Moores & Heiskill*, 59 Tenn. 289 (1873), the Court, quoting *Story on Contracts*, stated:

> It is solely at the option of the party upon whom the fraud is practiced, whether he will be bound by the agreement or not. Yet if he determine to avoid a contract because of the fund [*sic*], he must give notice of such determination to the other party within reasonable time after his discovery of the fraud; and if, with a knowledge of the fraud, he acquiesce in the contract expressly, or do any act importing an intention to stand by it, or remain silent under circumstances which plainly indicate a continuing assent thereto, he can not afterward avoid it; for practically no man is injured if he know of the deceit which is practiced and consent to it, since the deceit then becomes an agreed fact of the case. So, also, if he treat [**15] the subject-matter as his own, by selling or leasing, he can not avoid the contract on the ground of fraud, even although he should afterwards discover some new incident to the same fraud, making it more to his injury than he supposed.

*Id.* at 292-93. *See also Wyatt v. Brown*, 39 Tenn. App. 28, 281 S.W.2d 64, 68 (1955); *Tennessee Adjustment Service, Inc. v. Miller*, 54 Tenn. App. 313, 390 S.W.2d 696, 701-02 (1964); *Derryberry v. Hill*, 745 S.W.2d 287, 291-92 (Tenn. Ct. App. 1987).

## Third Affirmative Defense: (Plan Injunction and Discharge Injunction)

11 U.S.C. Section 1141 provides that "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation" and that "after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors." 11 U.S.C. § 1141(c), (d)(1)(A). Moreover, the discharge injunction entered by this Court "operates as an injunction against the commencement or continuation of an action, the <u>employment of process, or an act, to</u>

collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C.

§ 524(a)(2); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 965 (11th Cir. 2012);

*National City Bank v. Troutman Enters, Inc. (In re Troutman Enters, Inc.)*, 253 B.R.

8, 11 (B.A.P. 6th Cir. 2000). In other words, following the entry of a discharge

injunction, prepetition debts cannot be enforced because they are discharged and

their collection is enjoined. The discharge injunction was entered on February 20,

2019, and the Plaintiff's claims occurred in 2015.

### Fourth Affirmative Defense: (Settlement Agreement)

This matter was settled by a settlement agreement approved by the

United States Bankruptcy Court on February 22, 2017 (Exhibit B), and by

Enforcement Order entered on September 26, 2017 (Exhibit C). The Settlement

Agreement (Exhibit B) provides, among other things, in paragraph fifteen (¶ 15) and

paragraph seventeen ( ¶ 17):

\*\*\*

15. <u>Release of Defendants:</u> Except as to any obligations set forth in this

Agreement and subject to the provisions of Paragraph 11 supra, Claimants, for

themselves, their members, officers and directors, hereby release and forever

discharge REO Holdings, LLC, Charles E. Walker, Jon Paul Johnson, Trustee Lemeh,

and Trustee McLemore, their members, holders of financial rights, officers, directors,

agents, and attorneys from **any claims, demands, rights and causes of action**

**arising out of or related to the Putative Class Action Litigation**, the Removed

Putative Class Action Litigation, the Other Removed Litigation, or any other

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 11 of 56

proceeding or dispute that the parties have agreed to resolve pursuant to this agreement.

Ms. Irvin clearly falls within the class in Section E, paragraph 156 (a):

    a.  all persons who owned an interest in real property fraudulently redeemed from a tax sale by the Defendants.

### Fifth Affirmative Defense: (Res Judicata)

Defendant was dismissed with prejudice from the putative class action lawsuit that included Ms. Irvin as a class member as asserted in the Fourth Affirmative Defense. (Exhibit D). As a result of Defendant's dismissal with prejudice all factual allegations were resolved in Defendant's favor and are final.

### Sixth Affirmative Defense: (Limited Liability Rule)

T.C.A. § 48-217-101 Limited Liability Rule member not a proper party. Defendant is a member of REO Holdings, LLC. REO Holdings, LLC, was the contracting party with the Plaintiff. Defendant is not personally liable to Plaintiff.

### Seventh Affirmative Defense: (Reliance on Court Order)

Defendant relied on the Order attached quieting title against the whole world which includes Ms. Irvin. (Exhibit E)

### Eighth Defense: (Contributory Negligence)

That the Plaintiff is contributorily negligent and her negligence exceeds that alleged of the Defendant(s) and cannot therefore recover.

### Ninth Defense: (Defense of laches and/or Gross laches)

The Defendant may assert the defense of laches and/or gross laches with respect to the claims of the Plaintiff to the extent the statute of limitation affirmative defense is found to be inapplicable. The Defendant has relied upon Ms. Irvin's statement that she wanted to close, despite her cussing the Defendant out for fraud because she mistakenly thought she was entitled to the excess proceeds, and paid the closing funds pursuant to the contract. In addition the Defendant has caused certain debts to be paid off and discharged in reliance on Ms. Irvin proceeding with the contract.

### Tenth Defense: (Defense of Contract)

Ms. Irvin signed a contract and is bound by the terms and conditions of her written agreement. Her allegations contradict the written agreement in its entirety.

### Eleventh Defense: (Defense of Fraud)

The Plaintiff knew she did not own the property at the time she alleges REO approached her to buy her redemption right. She signed the contract to sell her right of redemption to REO Holdings, LLC, for $5,000. She wanted me to believe that she wanted to sell her right of redemption for $5,000. According to her allegations, that was untrue and she deceive me in reliance of her statement.

## COUNTERCLAIM AND THIRD PARTY CLAIMS

Defendant having fully answered now sues the Plaintiff and her attorneys as follows:

1.      Paul Krog is a licensed attorney who can be found in Davidson County, Tennessee, at 414 Union Street, Suite 1740, Nashville, Tennessee, 37219

2.      Eugene Bulso is a licensed attorney who can be found in Davidson County, Tennessee, at 414 Union Street, Suite 1740, Nashville, Tennessee, 37219.

## CLAIM FOR INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

3.      Defendant is the real estate business and has existing business relationships with others that have existed at all relevant times hereto and were known or reasonably known the Plaintiffs;

4.      Plaintiffs, and each of them, knew the Defendant was in the real estate business and made the false allegations and statements, among other things, that Defendant had forged deeds and oaths and that Defendant had defrauded Ms. Irvin out of the excess tax sale proceeds and only paid her $500 for her house.

5.      Plaintiffs, and each of them, knew or should have known that by placing a lien on the Defendant's property based on fabricated stories, malicious statements and outright lies of fraud, forgery and cheating someone would harm the Defendant's business.

6.      As a result of the Plaintiffs actions, Defendant has suffered harm.

## TORTIOUS INTERFERENCE WITH CONTRACT

7.      Reincorporate all previous allegations.

8.     Plaintiffs, and each of them, knew of the existence of the contract between REO Holdings, LLC, and Mr. and Ms. Irvin.

9.     The Plaintiffs, and each of them, have intentionally interfered with the contract by claiming the purchase of Mr. and Ms. Irvin's redemption right was fraudulent.

10.     The Defendant has sustained harm and damages as a result of the Plaintiffs conduct.

## COMMISSION OF ACTS OR ATTEMPTED ACTS OF TERRORISM

11.     The Plaintiffs, and each of them, have extorted and seek to extort the Defendant out of money and property by stalking and intimidation.

12.     The Plaintiffs have, on one or more occasion, lied during the course of a Court proceeding to cause me harm.

13.     For example, the Plaintiffs blantently lied to a Chancery Court in Case No. 15-780-BC that I had absconded since being subpoenaed to a hearing.  (Exhibit E).  They made false statements to a court without any basis.  Id.

16.     The Plaintiffs have conspired to extract money and property from the Defendant by creating false and fictitious cases, such as this one, for example.

17.     The Plaintiffs knew that Ms. Irvin was not entitled to $71,000 in excess proceeds.  In fact, they knew she wasn't entitled to any excess proceeds because she owed more on the house that it was worth.  The mortgage lenders, both the 1st and 2nd mortgage holders were entitled to the excess proceeds which were insufficient to satisfy even the first mortgage.  This is precisely the reason, that after Ms. Irvin

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 15 of 56

cussed me out, her attorney called, and she wanted her check for the rest of the money.

18. The Plaintiffs knew she signed the contract and it was in her best interest. She received $5,000 that she would not have received. Furthermore, if she redeemed the property she would have <u>still</u> been upside down on the mortgages.

19. Defendant has suffered economic and noneconomic harm, including personal and property damage by the proximate cause of these acts of terrorism.

**WHEREFORE** Defendant prays,

A. This matter will be tried by a Jury of twelve (12);

B. That Defendant be awarded damages in the amount of $825,000.00;

C. That all liens be removed from his property;

D. That the Plaintiffs be required to record a notice of apology with the Register of Deeds that the lien lis pendens they recorded is not true and they are very sorry;

E. The Defendant be awarded his reasonable attorney fees and punitive damages as provided for in T.C.A. § 39-13-811(b) and such other and further relief as he may be entitled including all amounts available under T.C.A. § 39-13-811.

Date: May 6, 2019

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 16 of 56

Respectfully submitted,

Jon Johnson
69 Thompson Lane
Nashville, Tennessee  37211
o: 615-367-5111  |  f: 615-383-1154
*Pro Se*

Case 3:19-ap-90103    Doc 1-6    Filed 05/11/19    Entered 05/11/19 21:12:20    Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson    Page 17 of 56

## CERTIFICATE OF SERVICE:

I hereby certify that on May 6, 2019, I served the following parties by U.S. Mail:

Eugene N. Bulso, Jr.
Paul J. Krog
Leader, Bulso & Nolan PLC
414 Union Street, Suite 1740
Nashville, TN 37219
615-780-4100
615-780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com
*Attorneys for Plaintiff*

Jon Johnson

FILED

# CONTRACT TO PURCHASE AND SELL REAL ESTATE

This agreement is made at Nashville, Tennessee, on the _____9th_____ day of August, 2014, by Debra A. Irvin and Lee R. Irvin, of 307 Alta Loma Rd, Goodlettsville, Tennessee, 37072, in this agreement collectively called "seller", and REO Holdings, LLC, of 69 Thompson Lane, Nashville, Tennessee, 37211, in this agreement called "purchaser".

DAVIDSON CO. CHANCERY CT.

LN

D.C. & M.

## RECITALS:

1. Seller is the owner of the real property situated at 1125 Sunnymeade Drive, Nashville, Tennessee 37216, Map and Parcel ID 06115014900

2. The above described real estate was sold at a tax sale on September 18, 2013, and confirmed by a Decree of the Chancery Court, subject to the statutory rights of redemption, on November 8, 2013.

4. The Seller, and each of them, are the owner of and have the lawful authority to sell the statutory right to redeem the real property described above.

In consideration of the mutual and reciprocal promises set forth in this agreement, the parties agree as follows:

## SECTION I. PURCHASE PRICE AND TERMS OF PAYMENT

The purchase price for the property is _Five Thousand Dollars_ ($ _5,000.00_), which shall be paid on the following terms and conditions:

   a. Purchaser has, contemporaneously with the execution of this contract, paid Seller Five Hundred and no cents ($500.00) check as earnest money to secure performance of this contract;
   b. Purchaser will pay all the cost of redemption and seller will cooperate at Purchaser's request with the redemption process;
   c. All closing costs and legal fees to be paid by Purchaser;
   d. Purchaser will pay all property taxes due and owing;
   e. Purchaser will pay the balance of ($ _4,500_ ) at closing to seller;
   f. Closing shall occur after November 8, 2014, and before November 30, 2014;
   g. Seller understands the mortgage company has a right to redeem the property on or before November 7, 2014, should the mortgage company exercise such right this contract shall terminate at the option of Purchaser. _If the mortgage company redeems, seller will keep the earnest money._ D.I. L.I.

## SECTION II. TITLE

Seller shall convey their entire interest in the land by quitclaim deed to Purchaser specifically including seller's statutory right of redemption from tax sale. No warranties and subject to state of title as shown on the public records at the Davidson County Register of Deed's Office on August 7, 2014.

Seller shall convey title at close of the transaction to **REO HOLDINGS, LLC.**

## SECTION III. COSTS

The purchaser will pay all fees and charges by the title and escrow company for closing this transaction and closing will be held at Walker Law Offices, 69 Thompson Lane, Nashville, Tennessee, 37211, phone (615) 367-5111.

## SECTION IV. INSURANCE

Risk of loss or damage to the property by fire, storm, burglary, vandalism, or other casualty, between the date of this

EXHIBIT
A

agreement and closing, shall be assumed by seller. No such loss or damage shall impair of void this contract except the purchaser sole discretion. Purchaser may elect as follows: (1) to receive insurance proceeds in satisfaction of any such loss or impairment; (2) a credit by the seller satisfactory to purchaser; or (3) purchaser may cancel this contract.

## SECTION V. TRANSFER OF PROPERTY

Possession of the property shall be transferred to purchaser at closing. All keys, if any, shall be delivered to purchaser at the time of closing.

## SECTION VI. TIME OF ESSENCE; CLOSING

Time is expressly declared to be of the essence of this contract. The contract shall be executed and completed, and sale closed, on or before November 30, 2014, or within fifteen (15) days after the Davidson County Chancery Court shall enter a Decree of Redemption, or any other date as the parties may in writing agree to. Each party shall fully perform all obligations under this agreement at such times as to insure closing within the period specified in this agreement, or any extension of the period specified.

## SECTION VII. REMEDIES OF PARTIES

(1) If purchaser fails or refuses to comply with the conditions assumed, or to perform all obligations under this agreement, seller has the option to: (a) hold and retain the initial deposit money and any additional funds paid or deposited by purchaser, as liquidated damages for breach of this contract, and cancel and terminate the contract, whereupon all rights and obligations under this agreement shall cease; or (b) enforce this contract by appropriate action, including an action for specific performance, or for damages for breach, and retain all money paid or deposited by purchaser pending the determination of such action. Seller shall give purchaser written notice of election with respect to seller's exercise of either of these options.

(2) If seller fails or refuses to perform obligations under this agreement, including the furnishing of title as defined in this agreement and transfer of possession, purchaser may either: (a) cancel the contract and recover all deposits and other amounts paid or incurred by purchaser under this agreement, including in furtherance of redemption, and all expenses paid or incurred; or (b) pursue any remedy available to purchaser, in law or equity, including an action to compel specific performance of this contract, or one for damages for breach, separately or alternatively.

## SECTION VIII. ASSIGNMENT; MODIFICATION; ENTIRE AGREEMENT OF PARTIES EXPRESSED

No right or interest of purchaser under this agreement shall be assigned without the prior written consent of seller, which consent shall not be unreasonably withheld.

No modification of this contract shall be valid or binding unless such modification is in writing, duly dated and signed by both parties.

This instrument constitutes the entire agreement between the parties. Neither party shall be bound by any terms, conditions, statements, or representations, oral or written, not contained in this agreement. Each party acknowledges that in executing this contract he has not been induced, persuaded, or motivated by any promise or representation made by the other party, unless expressly set forth in this agreement. All previous negotiations, statements, and preliminary instruments by the parties or their representatives are merged in this instrument.

## SECTION IX. SIGNATURE AND EFFECTIVE DATE

This instrument shall not be effective as a contract until duly signed by all parties. The date of execution and effective date of the contract is the date first above set forth. The date of signature by each party is the date set forth unless otherwise indicated after the signature.

In witness, whereof, the parties have executed this instrument on the day and year first written above.

**SELLER:**

_Debra A. Irwin_ 8-9-2014

_Lee R. ____ _ DATE 8-9-2014

**PURCHASER:**

REO Holdings, LLC

BY: _____ 8-9-2014

Charles Walker, Authorized    DATE
Agent for REO Holdings, LLC

_Randal S. Mashburn_
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 3/17/2017



FILED

2019 MAY -6 PH 4: 41

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

_LN_

D C & M

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

IN RE:                                )
                                      )
CHARLES E. WALKER,                    )        Case No: 3:16-bk-03304
                                      )        Chapter 11
                                      )        Judge Mashburn
Debtor                                )

## ORDER APPROVING COMPROMISE AND SETTLEMENT

This matter having come for hearing on the motion (the "Motion") filed by John

C. McLemore, chapter 11 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy

Code and Bankruptcy Rule 9019, for an order approving the Settlement Agreement attached as

Exhibit A to the Motion; and no party-in-interest having timely filed a response to the Motion;

and the Court being satisfied that the relief herein is appropriate under the circumstances; and the

court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.      The Trustee, in the proper exercise of his business judgment, determined that the

relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The terms of the Settlement Agreement are hereby approved.



EXHIBIT

_B_

3.    The Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Case 3:16-bk-03304    Doc 514    Filed 03/17/17    Entered 03/17/17 14:36:25    Desc Main
Document       Page 2 of 2
Case 3:19-ap-90103    Doc 1-6    Filed 05/11/19    Entered 05/11/19 21:12:20    Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson    Page 23 of 56

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

IN RE:                                          )
                                                )
CHARLES E. WALKER,                              )      Case No: 3:16-bk-03304
                                                )      Chapter 11
                                                )      Judge Mashburn
        Debtor                                  )

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS:  March 15, 2017**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:  March 28, 2017 at 9:00 a.m., in**
**Courtroom One, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee.**

---

### NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Phillip G. Young, Jr., Counsel for the Trustee, has asked the court for the following relief:  approval of compromise and settlement.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before March 15, 2017, you or your attorney must:

1.      File with the court your response or objection explaining your position.  **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY.   TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

        If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584.  You may also visit the Bankruptcy Court in person at:  701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2.      **Your response must state that the deadline for filing responses is March 15, 2017, the date of the scheduled hearing is March 28, 2016, and the motion to which you are responding is the Trustee's Motion to Approve Compromise and Settlement.**

3.      You must serve your response or objection **by electronic service through the Electronic Filing system** described above.   You must also mail a copy of your response or objection to:

John C. McLemore, Trustee          United States Trustee                     Phillip G. Young, Jr.
2000 Richard Jones Rd., Ste. 250   701 Broadway, Customs House Suite 318     Thompson Burton PLLC
Nashville, TN 37215                Nashville, TN 37203                       One Franklin Park
                                                                             6100 Tower Cir., Ste 200
                                                                             Franklin, TN 37067

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may

---

check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: February 22, 2017

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

2

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES E. WALKER, | ) | Case No: 3:16-bk-03304 |
| | ) | Chapter 11 |
| | ) | Judge Mashburn |
| Debtor | ) | |

## TRUSTEE'S MOTION TO
## APPROVE COMPROMISE AND SETTLEMENT

John C. McLemore, chapter 11 trustee herein ("Trustee"), hereby moves (the "Motion")

this Court for entry of an order (the "Order"), substantially in the form submitted herewith,

approving the compromise and settlement of a certain issues and causes of action related to this

matter. In support of this Motion, the Trustee respectfully represents as follows:

### BACKGROUND

1.   On February 29, 2016, Charles E. Walker (the "Debtor") filed a voluntary Chapter

11 petition in the United States Bankruptcy Court for the Western District of Tennessee.   The

case was transferred to this Court on May 6, 2016.  On August 1, 2016, John C. McLemore was

appointed to serve as the Chapter 11 Trustee.

2.   Likewise, on February 29, 2016, REO Holdings, LLC ("REO"), a limited liability

company in which the Debtor owns a 50% interest, filed a voluntary Chapter 11 petition in the

United States Bankruptcy Court for the Western District of Tennessee.    That case was

transferred to this Court on May 6, 2016 and docketed at 3:16-bk-03349.  On August 1, 2016,

Eva M. Lemeh was appointed to serve as the Chapter 11 Trustee of the REO bankruptcy.

3.   Among the issues immediately facing the Trustee in this case were very large,

unliquidated litigation claims filed by a number of related plaintiffs. More specifically, prior to

the petition date, on or about June 30, 2015, Family Trust Services, LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod (the "Claimants") filed an action styled *Family Trust Services, LLC et al v. REO Holdings, LLC et al*, Case No. 15-780-BC, Chancery Court for Davidson County, Tennessee (the "Putative Class Action Litigation").

4.   REO and the Debtor, in connection with the bankruptcy proceedings, twice removed the Putative Class Action Litigation, such that the Putative Class Action Litigation is now pending in the U.S. Bankruptcy Court for the Middle District of Tennessee as A.P. No. 3:16-ap-90130 and A.P. No. 3:16-ap-90122 (the "Removed Putative Class Action Litigation"), respectively.

5.   REO and the Debtor, in connection with the bankruptcy proceedings, removed other related litigation to the U.S. Bankruptcy Court for the Middle District of Tennessee, which litigation is now pending as A.P. Nos. 3:16-ap-90144 (the *Teague* litigation"), 3:16-ap-90147 (the "*Argyle* litigation" and. 3:16-ap-90235 (the "Other Removed Litigation");

6.   In addition to the pending adversary proceedings, the Claimants filed five claims in the Debtor's bankruptcy case (Claim Nos. 19, 20, 21, 22 and 23) (the "Walker Claims"), each for $10,000,000, on account of the Putative Class Action Litigation.  Similarly, the Claimants filed six claims in the REO bankruptcy (Claim Nos. 5, 6, 7, 8, 9 and 10) (the "REO Claims"), each for $10,000,000, on account of the same Putative Class Action Litigation.

7.   While attempting to address the validity and extent of the Walker Claims, another adversary proceeding was filed against the Debtor and the Trustee, Adversary Proceeding Number 3:16-ap-90304 (the "Partnership AP").  The Partnership AP was filed by a putative partnership between the Debtor and Jon Paul Johnson (the "Putative Partnership") and alleged

that the Putative Partnership, not the Debtor individually, owns substantially all of the real estate titled to the Debtor.

8. The Trustee has evaluated the likelihood of success on the merits of the Putative Class Action Litigation, the Walker Claims, and the Partnership AP. Similarly, Ms. Lemeh, on behalf of the estate of REO, has evaluated the likelihood of success on the merits of the Putative Class Action Litigation, the Walker Claims, and the Other Removed Litigation. Both Trustees and the Claimants mediated all issues related to the Class Action Litigation, the Walker Claims and the Other Removed Litigation before Retired Judge William Brown who recommended to both parties that these matters, plus a resolution of that Partnership AP, be resolved on the following basic terms: (1) allowing the Claimants a combined claim, to be split among the two bankruptcy estates, of between $800,000 - $850,000; (2) a dismissal of the Partnership AP by the Putative Partnership; and (3) the Claimants' agreement to release the Debtor, REO and Jon Paul Johnson from all causes of action. Both Trustees agreed with this suggested resolution given the Claimants' likelihood of success on the merits and, just as importantly, the cost of litigating all of these matters to their conclusion.

9. In light of this analysis, the Trustee and Ms. Lemeh, on behalf of REO, have agreed to compromise and settle all of these matters pursuant to the terms of the settlement agreement attached hereto as <u>Exhibit A</u> (the "Settlement Agreement"). The key terms of the Settlement Agreement are as follows:

(a) The Claimants will have a single, allowed general unsecured claim of $825,000 against the Debtor and REO, to be split among those two estates pursuant to an agreement by the two Trustees. Of that amount, it is anticipated that the Debtor's insurance carrier will contribute $100,000 on account of the Claimants' cause of action. The Trustee anticipates that it is likely that the Claimants will be allowed an unsecured claim in this case of $462,500 and an unsecured claim in the REO case of $362,500, though that has not been formally agreed upon by the two trustees.

3

(b)  The Debtor, in his individual capacity, and Jon Paul Johnson have agreed to the terms of the Settlement Agreement and have agreed to support the approval of this Settlement Agreement and any plan of reorganization which might incorporate such terms.

(c)  The Partnership AP will be dismissed.

(d)  The Other Removed Litigation will be resolved on the terms laid out in the Settlement Agreement (which terms do not affect this bankruptcy case).

(e)  Upon payment of the claims allowed pursuant to the terms of the Settlement Agreement, The Claimant's law firm will withdraw a claim it has filed against this estate on account of a criminal contempt finding against the Debtor in state court.

(f)  Upon payment of the claims allowed pursuant to the terms of the Settlement Agreement, the Claimants will dismiss the adversary proceeding in which they objected to the Debtor's discharge.

(g)  The Putative Class Action and the Removed Class Action Litigation will be dismissed by the Claimants as to the Debtor, REO and Jon Paul Johnson.

10.  This settlement is the result of months of intense, sometimes contentious, settlement discussions. It is the Trustee's strong opinion that this settlement is in the best interest of the estate and should be accepted. For the reasons stated herein, the Trustee believes that this proposed settlement is more beneficial to the creditors than continued litigation.

11.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12.  The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

<u>CASE STATUS</u>

13.  The Trustee is currently holding $197,837.44 on deposit in this bankruptcy estate.

14.  The estate's operating profits and losses are correctly noted in the timely filed monthly operating reports, filed by the Trustee in this matter.

4

15.     The deadline for filing claims was January 13, 2017.  There were $2,534,746.55 in secured claims filed (a substantial portion of which has already been satisfied by the sale of properties and granting of stay relief), and priority claims totaling $16,154.02.  Additionally, creditors have filed $100,111,484.79 in general unsecured claims, which includes the $50,000,000 of claims filed by the Claimants being resolved herein and a $50,000,000 claim filed by the REO Trustee on account of the Claimants' litigation claims in the REO case. The Trustee has not completed his evaluation of these claims and reserves the right to object to any claim in the future.     In addition to these timely filed proofs of claim, the Debtor listed $478,048.16 in unsecured claims that must be assumed by the Trustee to be valid.

16.     Other unpaid administrative expenses are as follows:

| Expense | Estimated Amount |
| --- | --- |
| Estimated Trustee Commission | $63,353.65 |
| Attorney Fees for Thompson Burton, PLLC | $126,885.11[1] |
| Attorney Fees for Law Firm of John C. McLemore, PLLC | $29,928.86 |
| Professional Fees for Kraft & Company, PLLC | $5,607.50 |
| Attorney Fees for Mudter & Patterson | $3,052.00 |

---

[1] This amount includes $109,977.61 in fees and expenses already allowed by the Court but not yet paid.

5

17.     The proposed distribution to creditors is as follows:

| Funds on Hand | Distribution Amount if all Expenses and Fees Allowed | Amount of Priority Debt[2] | Anticipated % of Priority Debt to be Paid | Estimated Amount of Allowed Unsecured Debt[3] | Anticipated % of Unsecured Debt to be Paid |
|---|---|---|---|---|---|
| $197,837.44 | $0 | $16,154.02 | 100%[4] | $563,662.95 | 100%[5] |

18.     The amounts and percentages disclosed in above paragraph are subject to change. At this time, the Trustee cannot predict the amount of the final distribution to creditors. No creditor should solely rely upon these representations in determining whether to object to the Trustee's Motion to Compromise.

## RELIEF REQUESTED

19.     By the Motion, the Trustee seeks an order approving the terms of the Settlement Agreement, attached hereto as Exhibit A (an original of which has been signed by all parties).

## APPLICABLE AUTHORITY

20.     Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); In re Martin, 91 F.3d 389, 393 (3d

---

[2] Disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims.

[3] Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims.

[4] While the Trustee lacks cash on hand to satisfy 100% of the priority claims currently, it is anticipated that a sale of the Debtor's real estate assets will produce sufficient funds to satisfy 100% of all priority claims. This disclosure should not be read as guaranteeing a distribution as many factors can influence a distribution.

[5] While the Trustee lacks cash on hand to satisfy 100% of the general unsecured claims currently, it is anticipated that a sale of the Debtor's real estate assets will produce sufficient funds to satisfy 100% of all general unsecured claims. This disclosure should not be read as guaranteeing a distribution as many factors can influence a distribution.

6

Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case,

'[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1]

(15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., In

re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); Bartel v. Bar

Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philan-

thropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

21.    The standards by which a Court should evaluate a settlement are well established.

In addition to considering the proposed terms of the settlement, the Court should consider the

following factors:

- the probability of success in litigation;

- the difficulty in collecting any judgment that may be obtained;

- the complexity of the litigation involved, and the expense inconvenience and
  delay necessarily attendant to it;

- the interest of creditors and stockholders and a proper deference to their
  reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,

390 U.S. 414, 424-245 (1968); Fishell, 1995 W.L. 66622, at *3; In re Barton, 45 B.R. 225, 227

(M.D. Tenn. 1984); In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992),

aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D.

Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

22.    The decision to approve a settlement or compromise is within the discretion of the

Court and is warranted where the settlement is found to be reasonable and fair in light of the

particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement

7

need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 63 B.R. at 803.

23. Under the circumstances presented here, the Trustee has satisfied the applicable standards.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 22nd day of February, 2017, upon all parties of record through the Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

/s/ Phillip G. Young, Jr.

8

# PROPOSED

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

IN RE:                )
                         )

CHARLES E. WALKER,       )     Case No: 3:16-bk-03304
                         )     Chapter 11
                         )     Judge Mashburn

    Debtor             )

## ORDER APPROVING COMPROMISE AND SETTLEMENT

This matter having come for hearing on the motion (the "Motion") filed by John

C. McLemore, chapter 11 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy

Code and Bankruptcy Rule 9019, for an order approving the Settlement Agreement attached as

<u>Exhibit A</u> to the Motion; and no party-in-interest having timely filed a response to the Motion;

and the Court being satisfied that the relief herein is appropriate under the circumstances; and the

court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.     The Trustee, in the proper exercise of his business judgment, determined that the

relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Motion is granted.

2.     The terms of the Settlement Agreement are hereby approved.

9

Case 3:16-bk-03304   Doc 497   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc Main
Document    Page 11 of 12
Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 34 of 56

3.     The Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

10

## COMPROMISE AND SETTLEMENT AGREEMENT

THIS COMPROMISE AND SETTLEMENT AGREEMENT ("Agreement") is made and entered into this _____ day of February, 2017, by and between Family Trust Services, LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod (collectively "Claimants"), on the one hand and Eva M. Lemeh, Chapter 11 Trustee for REO Holdings, LLC ("Trustee Lemeh"), John McLemore, Chapter 11 Trustee for Charles E. Walker ("Trustee McLemore"), Charles E. Walker individually and Jon Paul Johnson ("Defendants"), on the other hand. These persons are collectively referred to herein as the "Parties."

WHEREAS, on or about June 30, 2015, Claimants filed an action styled *Family Trust Services, LLC et al v. REO Holdings, LLC et al*, Case No. 15-780-BC, Chancery Court for Davidson County, Tennessee (the "Putative Class Action Litigation"); and

WHEREAS, on or about February 29, 2016, REO Holdings, LLC and Charles E. Walker filed Chapter 11 bankruptcy petitions in the U.S. Bankruptcy Court for the Western District of Tennessee, which were later transferred to the U.S. Bankruptcy Court for the Middle District of Tennessee and are now pending as Case No. 3:16-bk-03349 and Case No. 3:16-bk-03304, respectively. The REO Holdings, LLC bankruptcy estate and the Charles E. Walker bankruptcy estate are collectively referred to as the "Bankruptcy Estates;" and

WHEREAS, REO Holdings, LLC and Charles E. Walker, in connection with the bankruptcy proceedings, twice removed the Putative Class Action Litigation, such that the Putative Class Action Litigation is now pending in the U.S. Bankruptcy Court for the Middle District of Tennessee as A.P. No. 3:16-ap-90130 and A.P. No. 3:16-ap-90122 (the "Removed Putative Class Action Litigation"), respectively;

WHEREAS, REO Holdings, LLC and Charles E. Walker, in connection with the bankruptcy proceedings, removed other related litigation to the U.S. Bankruptcy Court for the

{00104907.DOC / ver: }

Middle District of Tennessee, which litigation is now pending as A.P. Nos. 3:16-ap-90144 (the *Teague* litigation"), 3:16-ap-90147 (the "*Argyle* litigation" and. 3:16-ap-90235 (the "Other Removed Litigation");

WHEREAS, on or about August 1, 2016, Eva M. Lemeh was appointed by the United States Bankruptcy Court for the Middle District of Tennessee to serve as the Chapter 11 Trustee for REO Holdings, LLC;

WHEREAS, on or about August 1, 2016, John C. McLemore was appointed by the United States Bankruptcy Court for the Middle District of Tennessee to serve as the Chapter 11 Trustee for Charles E. Walker;

WHEREAS, the Parties now wish to compromise and settle all claims involving REO Holdings, LLC, Charles E. Walker, and Jon Paul Johnson, in the Putative Class Action Litigation, the Removed Putative Class Action Litigation and the Other Removed Litigation; and

WHEREAS, in an effort to resolve any and all disputes between them, the Parties wish for each party to execute this Agreement as evidence of the final resolution of same.

NOW, THEREFORE, in consideration of the mutual promises set forth below, the Parties do hereby agree as follows:

1.  Recitals:     The Parties acknowledge, represent, and declare that the recitals set forth herein are true and correct.

2.  Allowed Claim:     The Bankruptcy Estates will, collectively, allow Claimants an unsecured claim of $825,000, to be divided between the Bankruptcy Estates as determined by Trustee McLemore and Trustee Lemeh (the "Allowed Claim"). Of the total amount of the Allowed Claim, $325,000 shall be designated as reimbursement for compensatory and treble damages, and $500,000 shall be designated as payment of attorney's fees and expenses incurred on behalf of Claimants. To the extent the Claimants' claims against the

Bankruptcy Estates exceed $825,000, those claims are deemed disallowed. Due to the $100,000 contribution by Charles E. Walker's insurance coverage in conjunction with this settlement, it is understood that the net impact to the two bankruptcy estates will be $725,000.

        3.     Approval of Settlement. Jon Paul Johnson, Charles E. Walker, and the respective Bankruptcy Estates (by and through Trustee McLemore and Trustee Lemeh) agree to join in a motion seeking approval of this settlement and the allowance of the aforementioned claim and to refrain from filing any objection thereto, or any appeal therefrom. Jon Paul Johnson, Charles E. Walker, and the Bankruptcy Estates likewise agree to join in seeking approval of any plan that may be necessary to effectuate, finalize, enter into, or perform this settlement agreement in whole or in part, and not to object to, or take an appeal from an order approving, a plan in regard to either this settlement or any other matter of which they have notice, if such objection or appeal would, in effect or design, delay the approval, effectuation, finalization, or performance (including payment of the Claimants' Allowed Claim) of this Agreement.

        4.     The Walker-Johnson Partnership: Charles E. Walker and Jon Paul Johnson agree to cause the adversary proceeding filed against the Bankruptcy Estate of Charles E. Walker (docketed as Adversary Proceeding Number 3:16-ap-90304) on behalf of the putative Walker-Johnson Partnership to be dismissed. Charles E. Walker and Jon Paul Johnson agree that they shall neither cause nor permit the putative Walker-Johnson Partnership to perform any act that Charles E. Walker and Jon Paul Johnson have agreed not to perform, or to fail to perform any act that Charles E. Walker and Jon Paul Johnson have agreed to perform and for which its participation may be necessary, under this agreement. The Parties do not agree or stipulate that Walker-Johnson Partnership exists, but assuming that it exists, each release by or of Charles E. Walker herein shall also extend to, and be extended by, as the case may be, the putative Walker-Johnson Partnership. Charles E. Walker- and Jon Paul Johnson, in their capacity as partners in

{00104907.DOC / ver: }

the putative Walker-Johnson Partnership release any and all claims of the Walker-Johnson Partnership against the Bankruptcy Estates.

5. <u>544 Los Lamas:</u> Billy Gregory or his assigns will file an action in an appropriate forum to quiet title to the property located at 544 Los Lamas, Chattanooga, TN, against REO Holdings LLC or its Bankruptcy Estate, as may be appropriate. The Bankruptcy Estate of REO Holdings LLC agrees to join in, but not draft, motion for relief from the automatic stay to permit the filing and prosecution of that action and to execute an agreed judgment quieting the title in favor of Billy Gregory or his assigns.

6. <u>923 40th Avenue:</u> Steven Reigle, Regal Homes Co., or the assigns of one or both, will file an action in an appropriate forum to quiet the title to the property located 923 40th Avenue, Nashville, TN, against REO Holdings LLC or its Bankruptcy Estate, as may be appropriate. The Bankruptcy Estate of REO Holdings LLC agrees to join in, but not draft, a motion for relief from the automatic stay to permit the filing and prosecution of that action and to execute an agreed judgment quieting the title in favor of the plaintiff or plaintiffs in that action.

7. <u>6016 Lennox Avenue:</u> The Bankruptcy Estates will dismiss the appeal of the Judgment filed in the proceeding concerning 6016 Lennox Avenue, Nashville, TN, presently pending as matter number M2015-02447-COA-R3-CV. Trustee Lemeh shall be entitled to the return of any funds deposited by or on behalf of REO Holdings, LLC in the Chancery Court for Davidson County, Tennessee related to REO Holdings, LLC's attempted redemption of this property.

8. *<u>Teague</u> litigation:* The Bankruptcy Estates agree to join in, but not draft, a motion for relief from the automatic stay to permit the entry of a final judgment in the *Teague* litigation, case number 3:16-ap-90144, and will consent to the entry of an agreed

- 4 -

{00104907.DOC / ver: }

Case 3:16-bk-03304   Doc 497-1   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc
Exhibit Exhibit A (Settlement Agreement)   Page 4 of 11

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 39 of 56

judgment rendering final the decisions rendered in that matter prior to its removal from the Chancery Court for Davidson County, Tennessee. The Bankruptcy Estate of REO Holdings LLC will dismiss its appeal in ***REO Holdings LLC v. Teague***, appeal number M2015-01681-COA-R3-CV, and acquiesce to any relief from the automatic stay necessary to permit the entry of a judgment dismissing that appeal. Trustee Lemeh shall be entitled to the return of any funds deposited by or on behalf of REO Holdings, LLC in the Chancery Court for Davidson County, Tennessee related to REO Holdings, LLC's attempted redemption of the property located at 1401 Edgehill Avenue Nashville, Tennessee. Trustee Lemeh shall further be entitled to the receipt of the funds deposited in the registry of the Morgan County, Alabama Clerk of Circuit Court by Louis Teague to satisfy judgment recorded in favor of REO Holdings, LLC against Frances Teague.

9. ***Argyle*** litigation: The Bankruptcy Estate of REO Holdings LLC will execute a Quitclaim Deed in favor of Family Trust Services LLC for any interest it may have in the property at issue in the ***Argyle*** litigation, commonly known as 1017 Argyle, and stipulate to the entry of a final judgment of redemption in favor of Family Trust Services LLC in that matter. The Bankruptcy Estate of REO Holdings LLC will join in, but not draft, a motion for relief from the automatic stay to permit the entry of that judgment. Trustee Lemeh shall be entitled to the return of any funds deposited by or on behalf of REO Holdings, LLC in the Chancery Court for Davidson County, Tennessee related to REO Holdings, LLC's attempted redemption of this property.

10. The Criminal Contempt Proceeding: Upon payment of the Allowed Claim, the Claimants' law firm shall withdraw the claim it has made for the payment of fees awarded by the Chancery Court for Davidson County, Tennessee in connection with the prosecution of the criminal-contempt charges against Charles E. Walker, and will file a notice of satisfaction of that

{00104907.DOC / ver: }

Case 3:16-bk-03304   Doc 497-1   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc
Exhibit Exhibit A (Settlement Agreement)   Page 5 of 11
Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 40 of 56

award in that court. The Parties agree that nothing in this Agreement operates to terminate or otherwise resolve the finding of or other punishment imposed for criminal contempt on the part of Charles E. Walker by the Chancery Court for Davidson County, Tennessee.

11. <u>Discharge Objection</u>: Upon payment of the Allowed Claim, the Claimants shall dismiss, with prejudice, the adversary proceeding filed by the Claimants objecting to the Debtor's discharge.

12. <u>Dismissal of Debtors with Prejudice and Remand of Removed Class Action Litigation</u>: Upon entry of a final non-appealable order by the U.S. Bankruptcy Court for the Middle District of Tennessee, approving this Agreement, Claimants will dismiss with prejudice the claims filed against the Debtors, Charles E. Walker and REO Holdings LLC, in the Removed Class Action Litigation, including any claim for attorney's fees. The Parties will thereafter jointly seek the prompt remand of the Removed Class Action Litigation to state court.

13. ***Shannon*** litigation: The Parties agree that this Agreement does not resolve the ***Shannon*** proceeding, Case No. 3:16-ap-90153, nor does it include a release of any claims against persons asserted therein, all of which claims are expressly reserved.

14. <u>Mediation Expenses</u>: The Bankruptcy Estates of REO Holdings LLC and Charles E. Walker will pay the fees and expenses submitted by the mediator, Judge William Brown, dividing those fees and expenses equally between the Estates.

15. <u>Release of Defendants</u>: Except as to any obligations set forth in this Agreement and subject to the provisions of Paragraph 11 *supra*, Claimants, for themselves, their members, officers and directors, hereby release and forever discharge REO Holdings, LLC, Charles E. Walker, Jon Paul Johnson, Trustee Lemeh, and Trustee McLemore, their members, holders of financial rights, officers, directors, agents, and attorneys from any claims, demands, rights and causes of action arising out of or related to the Putative Class Action Litigation, the

Removed Putative Class Action Litigation, the Other Removed Litigation, or any other proceeding or dispute that the parties have agreed to resolve pursuant to this agreement. Notwithstanding any other provision of this Agreement, the Parties understand and agree that Claimants do not intend to release, and do not release, any claims Claimants have or may have against any defendants in the Putative Class Action Litigation or the Removed Putative Class Action Litigation, or against any person or entity, other than REO Holdings, LLC, Charles E. Walker, and Jon Paul Johnson, all of which claims and rights are expressly reserved. Without limitation, Claimants reserve and do not release any claims against Nationwide Investments, LLC, Julie Coone, or Merdan Ibrahim. Further, and notwithstanding any other provision of this Agreement, the Parties understand and agree that Claimants do not intend to release, and do not release, any claims Claimants have asserted in the *Shannon* litigation.

      16.   <u>Release of Claimants</u>:   Except as to any obligations set forth in this Agreement, Defendants, for themselves, their members, officers, and directors, hereby release and forever discharge Family Trust Services, LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod, their members, holders of financial rights, officers, directors, agents, and attorneys, from any claims, demands, rights and causes of action arising out of or related to the Removed Putative Class Action Litigation or any other proceeding or dispute that the parties have agreed to resolve pursuant to this agreement. Notwithstanding any other provision of this Agreement, the Parties understand and agree that Defendants do not intend to release, and do not release, any claims they have or may have against any person or entity other than Family Trust Services, LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod, their members, holders of financial rights, officers, directors, agents, and attorneys, all of which claims and rights are expressly reserved. Further, and notwithstanding any other provision of this

{00104907.DOC / ver: }

- 7 -

Case 3:16-bk-03304   Doc 497-1   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc
Exhibit Exhibit A (Settlement Agreement)   Page 7 of 11

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 42 of 56

Agreement, the Parties understand and agree that Defendants do not intend to release, and do not release, any claims they have or may have related to the *Shannon* litigation.

17. <u>No Admission.</u>  It is expressly understood and agreed that this Agreement is a settlement of claims for which the Parties that are released hereby deny all liability and that by this Agreement each Party released hereby intends merely to avoid litigation and buy its peace.  The Agreement in no way prejudices the rights of each released Party to deny liability in any other action.

18. <u>Confidentiality.</u> The Parties each acknowledge that this Agreement is being entered into so as to avoid further litigation. The Parties agree that this Agreement and the terms thereof remain confidential, except as required in order to gain approval by the Bankruptcy Court.  Accordingly, from and after the date of this Agreement, any terms included in or related to this Agreement, shall be kept confidential by all Parties, except as required in order to gain Bankruptcy Court approval or unless otherwise compelled by law.

19. <u>No Prior Assignment.</u>  The Parties acknowledge, represent, and declare to each other that they are the proper parties to bring the claims, demands, rights or causes of action released herein, and that no claims, rights, duties, actions, damages, or causes of action of any type released or waived by this Agreement have previously been transferred, assigned, sold, hypothecated or otherwise conveyed to any other person or entity.

20. <u>Review by Counsel</u>.  The Parties hereby acknowledge that this Agreement has been reviewed by their respective counsel and that each of the Parties has been given a reasonable period of time in which to consider this Agreement.

21. <u>Warranty of Authority</u>.   The Parties acknowledge, represent and warrant that they have the right and authority to execute this Agreement.

22.  Binding Agreement.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, representatives, successors and/or assigns.

23.  Execution in Counterparts.  This Agreement may be executed in counterparts, with the same force and effect as if all signatures were set forth in a single instrument.

24.  Interpretation of Agreement.  The Parties agree that this Agreement shall be interpreted according to the plain and ordinary meaning of its terms.  Additionally, the Parties agree that they participated equally in the negotiation and drafting of this Agreement and, as a consequence thereof, no inference shall be drawn that this Agreement was prepared by any particular party and no ambiguity shall be construed against any particular party.

25.  Integrated Agreement.  This Agreement represents and contains the entire understanding between the Parties in connection with the subject matter of this Agreement. This Agreement may not be altered or varied except by a writing duly signed by all of the Parties.

26.  Governing Law and Forum for Disputes.  This Agreement shall be governed by, interpreted in accordance with, and enforced under the laws of Tennessee, without regard to its or any other jurisdiction's choice of law principles, or, as necessary, the laws of the United States of America. Any action to interpret or enforce this Agreement shall be filed in a court of competent jurisdiction. The prevailing party in any such action shall recover reasonable and necessary attorney's fees, costs and expenses.

27.  Severability.  If any part or provision of this Agreement is held to be unenforceable or to conflict with the applicable laws or regulations of any jurisdiction, the invalid or unenforceable part or provision shall be replaced with a provision that accomplishes, to the extent possible, the original purpose of such part or provision in a valid and enforceable

{00104907.DOC / ver: }                                    - 9 -
Case 3:16-bk-03304   Doc 497-1   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc
Exhibit Exhibit A (Settlement Agreement)   Page 9 of 11

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 44 of 56

manner, and the remainder of this Agreement shall remain binding upon the Parties.

    28.   <u>Paragraph Headings</u>. The paragraph headings contained in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Agreement.

    IN WITNESS WHEREOF, the Parties have executed this Agreement and have hereunto subscribed their names.

Family Trust Services, LLC

_____

By:
Its:

_____

Steve Reigle

Regal Homes Company

_____

By:
Its:

_____

Billy Gregory

_____

John Sherrod

Bankruptcy Estate of REO Holdings, LLC

_____

By: Eva Marie Lemeh

{00104907.DOC / ver: }

- 10 -

Case 3:16-bk-03304   Doc 497-1   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc
Exhibit Exhibit A (Settlement Agreement)   Page 10 of 11
Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 45 of 56

Its: Trustee

Bankruptcy Estate of Charles E. Walker

_____
By: John McLemore
Its: Trustee

_____
Charles E. Walker

_____
Jon Paul Johnson

{00104907.DOC / ver: }
- 11 -
Case 3:16-bk-03304   Doc 497-1   Filed 02/22/17   Entered 02/22/17 14:20:14   Desc
Exhibit Exhibit A (Settlement Agreement)   Page 11 of 11

Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 46 of 56



FILED

2019 MAY -6 PM 4: 41

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

LN

EXHIBIT

C

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **CHARLES E. WALKER,** | ) | **CASE NO. 16-03304** |
| | ) | |
| **DEBTOR.** | ) | **JUDGE MASHBURN** |
| | ) | |

---

## AGREED ORDER GRANTING THE CHAPTER 11 TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND THE DEBTOR'S MOTION TO ENFORCE ORDER APPROVING CONFIDENTIAL SETTLEMENT

---

Upon the Chapter 11 Trustee's Motion to Approve Compromise and Settlement (the "Settlement Motion") [Dkt Entry No. 827] filed by John C. McLemore, the Chapter 11 Trustee of the Debtor, (the "Walker Trustee"); and the Motion to Enforce Order Approving Confidential Settlement (the "Enforcement Motion") [Dkt Entry No. 801] filed by the Debtor; and the following pleadings having been the only pleadings filed in response to the Settlement Motion and the Enforcement Motion: the Response to the Enforcement Motion filed by Family Trust Services, LLC, Billy Gregory, Regal Homes Co, Steven Reigle and John Sherrod [Dkt Entry No. 820]; the Response to the Enforcement Motion by GRE, LLC and Port Royal, LLC [Dkt Entry No. 821]; the Trustee's Statement Regarding Order of Proceedings at September 26, 2017

1

1249424.1

Case 3:16-bk-03304   Doc 911   Filed 09/26/17   Entered 09/26/17 09:28:19   Desc Main
Document    Page 1 of 4
Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 47 of 56

Hearing [Dkt Entry No. 865]; the Debtor's Objection to the Settlement Motion [Dkt Entry No. 885]; the Response to the Settlement Motion and Statement Concerning Order of Proof at 9/26 Hearing filed by Family Trust Services, LLC, Billy Gregory, Regal Homes Co, Steven Reigle, John Sherrod, GRE, LLC and Port Royal, LLC [Dkt Entry No. 886]; and the Walker Trustee, the Debtor, Family Trust Services, LLC, Billy Gregory, Regal Homes Co, Steven Reigle, John Sherrod, GRE, LLC and Port Royal, LLC having agreed to grant the Settlement Motion and the Enforcement Motion pursuant to the following terms; and the Court finding good cause exists to grant such relief; it is therefore

ORDERED that the Settlement Motion is granted as the settlement among the Walker Trustee, GRE, LLC and Port Royal, LLC meets the standards for approval under Federal Rule of Bankruptcy Procedure 9019.

ORDERED that GRE, LLC and Port Royal, LLC (the "Claimants") shall be, and hereby are, allowed a single general unsecured claim in the amount of $25,000.00 in the Debtor's case (the "Allowed Claim").

ORDERED that Proof of Claim Nos. 45, 46, and 47 (the "Claims") are disallowed to the extent they exceed the amount of the Allowed Claim.

ORDERED that the Claimants, themselves, their members, officers and directors, hereby release and forever discharge release REO Holdings, LLC, Eva M. Lemeh in her capacity as Chapter 11 Trustee of REO Holdings (the "REO Trustee"), Jon Paul Johnson, their successors, members, holders of financial rights, officers, directors, agents, and attorneys from any claims, demands, rights and causes of action arising out of or related to the Claims.

ORDERED that with the stipulation of the parties that no party hereto is entitled to costs, fees, or other ancillary relief in connection therewith, the Enforcement Motion is granted and the

Compromise and Settlement by and between Family Trust Services, LLC, Steven Reigle, Regal

Homes Co., Billy Gregory, and John Sherrod, on the one hand and the REO Trustee, the Walker

Trustee, Charles E. Walker, and Jon Paul Johnson, on the other, (the "Global Settlement")is

enforceable and binding pursuant to and to the extent of its terms as to all parties thereto and

their attorneys.


SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**


APPROVED FOR ENTRY:

/s/ Charles E. Walker
Charles E. Walker, BPR No. 021277
WOODBINE LEGAL PC
69 Thompson Lane
Nashville, TN 37211
Tel: 615-367-5111
Fax: 615-383-1154
Email: Charles@woodbinelegal.com

*Pro Se Debtor*


/s/ Paul J. Krog
Eugene N. Bulso, Jr., BPR No. 12005
Paul J. Krog, BPR No. 29263
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nasvhille, TN 37219
Tel: 615-780-4110
Email: pkrog@leaderbulso.com

*Attorneys for Port Royal, LLC and GRE, LLC*

1249424.1

3

Case 3:16-bk-03304    Doc 911    Filed 09/26/17    Entered 09/26/17 09:28:19    Desc Main
Document    Page 3 of 4
Case 3:19-ap-90103    Doc 1-6    Filed 05/11/19    Entered 05/11/19 21:12:20    Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson    Page 49 of 56

/s/ Robert W. Miller
Robert W. Miller
Manier & Herod, PC
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Tel: 615-244-0030
Fax: 615-242.4203
Email: rmiller@manierherod.com

*Attorney for Eva M. Lemeh, Chapter 11 Trustee for REO Holdings, LLC*


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
(615) 465-6008
phillip@thompsonburton.com

*Attorneys for John C. McLemore, Chapter Trustee for Charles E. Walker*

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

1249424.1

4

Case 3:16-bk-03304   Doc 911   Filed 09/26/17   Entered 09/26/17 09:28:19   Desc Main
Document      Page 4 of 4
Case 3:19-ap-90103   Doc 1-6   Filed 05/11/19   Entered 05/11/19 21:12:20   Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson   Page 50 of 56

_Randal S. Mashburn_
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 9/21/2018



FILED

2019 MAY -6 PM 4:41

CLERK & MASTER
CO. CHANCERY CT
_LW_
D.C. & M

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

In re:

    REO HOLDINGS, LLC,

      Debtor.

FAMILY TRUST SERVICES,
LLC; STEVEN REIGLE; REGAL
HOMES CO.; BILLY GREGORY;
and JOHN SHERROD, on behalf
of themselves and those similar-
ly situated,

      Plaintiffs,

v.

REO HOLDINGS, LLC;
CHARLES E. WALKER; and JON
PAUL JOHNSON,

      Defendants.

Case No. 3:16-bk-03349
Chapter 11
Judge Mashburn

Case No. 3:16-ap-90130

**EXHIBIT**

D

---

### ORDER OF DISMISSAL

---

    By virtue of the signature of counsel below, the Plaintiffs have consented to

the dismissal with prejudice of their claims against Mr. Johnson pursuant to the

settlement agreement entered into between them.

    Accordingly, it is hereby ORDERED that the Plaintiffs' claims against De-

fendant Jon Paul Johnson are hereby DISMISSED WITH PREJUDICE.

    this order was signed and entered electronically as reflected on the top of the first page

{00114026.DOCX / ver:3 }

Respectfully tendered for entry:

s/Paul J. Krog
_____

Eugene N. Bulso, Jr. (No. 12005)
Paul J. Krog (No. 29263)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee  37219
(615) 780-4110
(615) 780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com
*Attorneys for Family Trust Services,*
*LLC, Steven Reigle, Regal Homes Co.,*
*and Billy Gregory*

{00114026.DOCX / ver:3 }                    -2-

Case 3:18-ap-90103   Doc 1-6   Filed 09/21/18   Entered 09/21/18 21:12:20   Desc Main
Document       Page 2 of 3

Case 3:19-ap-90103    Doc 1-6    Filed 05/11/19    Entered 05/11/19 21:12:20    Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson     Page 52 of 56

## Certificate of Service

I hereby certify that on September 21, 2018, I filed the foregoing via the Court's ECF system, which is expected to deliver it via electronic means to the following:

Phillip G. Young
THOMPSON BURTON LLC
6100 Tower Cir., Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com
*Counsel for John C. McLemore, Trustee*

Patrick Newsom
Paul Bruno
BRUNO | NEWSOM PLLC
414 Union St. Ste. 905
Nashville, TN 37219
615-251-9500
615-345-4188
patrick@brunonewsom.com
*Counsel for Defendants REO Holdings, LLC, Nationwide Investments LLC, and Jon Paul Johnson*

Michael E. Collins
Robert W. Miller
MANIER & HEROD, P.C.
150 Fourth Ave. North, Suite 2200
Nashville, Tennessee 37219
615-742-9350
615-242-4203
mcollins@manierherod.com
rmiller@manierherod.com
*Counsel for Eva Lemeh, Trustee*

A copy was sent via e-mail to, and entrusted that same day to the care of the United States Postal Service for delivery as first-class U.S. Mail to, the following:

William T. Ramsey
J. Isaac Sanders
NEAL & HARWELL, PLC
150 4th Ave. North, Suite 2000
Nashville, TN 37219
*Counsel for Defendant Charles E. Walker*

Robert R Laser III
625 Main Street
Suite 206
Nashville, TN 37206
615-669-5468
rob@laserlawfirm.com
*Counsel for Defendants Merdan Ibrahim and Julie Coone*

s/Paul J. Krog
Paul J. Krog

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

{00114026.DOCX / ver:3 }                                              -3-

Case 3:16-ap-90103  Doc 91  Filed 09/21/18  Entered 09/21/18 15:16:20  Desc Main
                              Document      Page 3 of 3
Case 3:19-ap-90103    Doc 1-6    Filed 05/11/19    Entered 05/11/19 21:12:20    Desc
Exhibit F - Answer Counterclaim Third Party Claims Defendant Johnson    Page 53 of 56

# IN THE TENNESSEE CHANCERY COURT
## FOR TWENTIETH JUDICIAL DISTRICT
### AT NASHVILLE

FILED

2019 MAY -6 PM 4:41

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

FAMILY TRUST SERVICES, LLC; )
STEVEN REIGLE; REGAL HOMES )
CO.; BILLY GREGORY; and JOHN )
SHERROD, on behalf of )
themselves and those similarly situated, )
)
    Plaintiffs, )
)
vs. )
)   NO. 15-780-BC
)   JURY DEMAND
REO HOLDINGS, LLC; CHARLES E. )   (TWELVE PERSON)
WALKER; JON PAUL JOHNSON; )
JULIE COONE; NATIONWIDE )
INVESTMENTS LLC; and MERDAN )
IBRAHIM )
)
    Defendants. )

---

## NOTICE OF OBJECTION

---

Comes now, Defendant, Jon Paul Johnson, and gives his Notice of Objection to Plaintiff's Response to Motion to Quash Subpoenae filed on July 20th, 2016 and the Court's Order Denying Defendant Walker's Motion to Quash Subpoenas entered July 21st, 2016. Defendant states his objection as follows:

1. On July 20th, 2016, Plaintiffs filed a Response to Motion to Quash Subpoenae relating to Defendant Charles Walker's Criminal Contempt hearing scheduled for July 26th, 2016.

2. In paragraph 7 of Plaintiffs' Response to Motion to Quash Subpoenae, Plaintiffs allege that "Mr. Johnson, moreover, has absconded since being subpoenaed to the May 16th hearing."



EXHIBIT

F

3. Like many of Plaintiffs' other blanket allegations in this case, it is simply inaccurate, untrue and baseless; but, Plaintiffs put it forth as a basis to support a legal position to this Court with no supporting evidence or a factual basis.

4. On July 21st, 2016, before Defendant Johnson could reply or rebut the allegation that he has absconded and without any hearing on the matter, this Court entered an Order Denying Defendant Walker's Motion to Quash Subpoenas. In the Order, this Court made a factual finding that the "apparent disappearance of Defendant Jon Paul Johnson" is "new evidence".

5. Defendant Johnson has not absconded from the proceedings. Plaintiffs' allegation that Defendant Johnson has absconded is wholly unsupported.

6. Defendant Johnson is compelled to file this Notice of Objection to bring this blatantly false allegation to the Court's attention and so that the record will be reflected accurately.

Respectfully submitted,

Patrick Newsom, No. 30282
Paul Bruno, No. 17275
Bruno|Newsom PLLC
414 Union St. Ste. 905
Nashville, TN 37219
Ph: 615-251-9500
Fax: 615-345-4188
*Attorneys for REO Holdings, LLC,*
*Jon Paul Johnson and*
*Nationwide Investments, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been delivered via email and by U.S. mail to the following recipients:

Eugene N. Bulso, Jr.
Paul J. Krog
Leader, Bulso, Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
*Attorneys for Plaintiffs*

William T. Ramsey
J. Isaac Sanders
Neal & Harwell, P.C.
150 4th Ave. N. Ste. 2000
Nashville, TN 37219
*Attorneys for Defendant Charles E. Walker*

Jamaal Boykin
Manson, Johnson, Connor, PLLC
215 2nd Ave. N. Ste. 300
Nashville, TN 37201
*Attorneys for Defendants Julie Coone and Merdan Ibrahim*

Sheila Stevenson
69 Thompson Lane
Nashville, TN 37211

on this, the 25th day of July, 2016

Patrick Newsom