IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>**CHARLES E. WALKER,**<br>                       **DEBTOR**<br><br><br><br>**DEBRA A. IRVIN,**<br>                       **PLAINTIFF,**<br><br>v.<br><br>**GREEN WISE HOMES, LLC, CHARLES E. WALKER, JON PAUL JOHNSON, JULIE COONE, JAMES BRETT, and NATIONWIDE INVESTMENTS LLC,**<br>                       **DEFENDANTS.** | CASE NO.: 3:16-BK-03304<br><br>CHAPTER 11<br><br>JUDGE MASHBURN<br><br><br><br>Adv. Proc. No. 3:19-ap-90103 |

**DEFENDANT GREEN WISE HOMES LLC ANSWER AND
COUNTERCLAIMS AND THIRD PARTY CLAIMS**

\* \* \* \* \*

      **COMES NOW**, Green Wise Homes LLC, and for his its answer to Plaintiff's Complaint as follows:

      1.      Defendant lacks sufficient knowledge or information to admit where one Debra Irvin lives or resides.

      2.      Admitted.

3. Defendant lacks sufficient knowledge or information to admit this averment as Defendant was not in existence at the time of the allegations put forth in the averment.

4. Defendant lacks sufficient knowledge or information to admit this averment.

5. Defendant lacks sufficient knowledge or information to admit this averment.

6. Defendant lacks sufficient knowledge or information to admit this averment.

7. Defendant lacks sufficient knowledge or information to admit this averment.

8. Admit the cited code section is a general jurisdiction code section for Chancery Courts.

9. Defendant lacks sufficient knowledge or information to admit this averment.

10. Defendant lacks sufficient knowledge or information to admit this averment.

11. Defendant lacks sufficient knowledge or information to admit this averment.

12. Defendant lacks sufficient knowledge or information to admit this averment.

13. Defendant lacks sufficient knowledge or information to admit this averment.

14. Defendant lacks sufficient knowledge or information to admit this averment.

15. Defendant lacks sufficient knowledge or information to admit this averment.

16. Defendant lacks sufficient knowledge or information to admit this averment.

17. Defendant lacks sufficient knowledge or information to admit this averment.

18. Defendant lacks sufficient knowledge or information to admit this averment.

19. Defendant lacks sufficient knowledge or information to admit this averment.

20. Defendant lacks sufficient knowledge or information to admit this averment.

21. Defendant lacks sufficient knowledge or information to admit this averment.

22. Defendant lacks sufficient knowledge or information to admit this averment.

23. Defendant lacks sufficient knowledge or information to admit this averment.

24. Defendant lacks sufficient knowledge or information to admit this averment.

25. Defendant lacks sufficient knowledge or information to admit this averment.

26. DENIED.

27. Defendant lacks sufficient knowledge or information to admit this averment.

28. Defendant lacks sufficient knowledge or information to admit this averment.

29. Defendant lacks sufficient knowledge or information to admit this averment.

30. Defendant lacks sufficient knowledge or information to admit this averment.

31. Defendant lacks sufficient knowledge or information to admit this averment.

32. Defendant lacks sufficient knowledge or information to admit this averment.

33. Defendant lacks sufficient knowledge or information to admit this averment.

34. Defendant lacks sufficient knowledge or information to admit this averment.

35. Defendant lacks sufficient knowledge or information to admit this averment.

36. Defendant refers to the specific averment answer and incorporates by reference.

37. DENIED.

38. DENIED.

39. DENIED.

40. Defendant lacks sufficient knowledge or information to admit this averment.

41. Defendant refers to the specific averment answer and incorporates by reference.

42. Defendant lacks sufficient knowledge or information to admit this averment.

43. Defendant lacks sufficient knowledge or information to admit this averment.

44. Defendant lacks sufficient knowledge or information to admit this averment.

45. Defendant lacks sufficient knowledge or information to admit this averment.

46. Defendant lacks sufficient knowledge or information to admit this averment.

47. Defendant lacks sufficient knowledge or information to admit this averment.

48. Defendant lacks sufficient knowledge or information to admit this averment.

49. Defendant refers to the specific averment answer and incorporates by reference.

50. DENIED.

51. Defendant lacks sufficient knowledge or information to admit this averment.

52. DENIED.

53. DENIED.

54. DENIED.

55. Defendant refers to the specific averment answer and incorporates by reference.

56. DENIED.

57. DENIED.

58. Defendant lacks sufficient knowledge or information to admit this averment.

59. DENIED.

60. DENIED.

61. DENIED.

62. DENIED.

63. Defendant refers to the specific averment answer and incorporates by reference.

64. DENIED. This is an outright lie and the Plaintiff and her attorneys know it is lie and made this allegation with knowledge that is false.

65. DENIED. This is an outright lie and the Plaintiff and her attorneys know it is lie and made this allegation with knowledge that is false.

66. DENIED. The only fraud Defendant is aware of is the fraud the Plaintiff and her attorneys are perpetrating on the Court and the Defendant.

67. DENIED. The Plaintiff and her attorneys know this averment is false and had knowledge of its falsity. Furthermore, it is a misstatement of the law.

68. DENIED.

69. DENIED. Plaintiff and her attorneys have wrongfully and intentional asserted a false and fictitious lien lis pendens against the Defendant which has caused the Defendant substantial harm.

PLAINTIFF'S RELIEF REQUESTED:

Defendant denies that Plaintiff is entitled to any recovery whatsoever. Defendant further states that Plaintiff is not entitled to a lien lis pendens or any prejudgment attachment and that the Defendant has been severely harmed by her and her attorneys' lies.

To the extent Plaintiff is asserting a trial by Jury Defendant demands a Jury of twelve (12).

The Defendant incorporates any affirmative defense or other defense asserted by any other Defendant in this matter and may rely on such defense as though fully set forth herein.

## COUNTERCLAIM AND THIRD PARTY CLAIMS

Defendant having fully answered now sues the Plaintiff and her attorneys as follows:

1. Paul Krog is a licensed attorney who can be found in Davidson County, Tennessee, at 414 Union Street, Suite 1740, Nashville, Tennessee, 37219

2. Eugene Bulso is a licensed attorney who can be found in Davidson County, Tennessee, at 414 Union Street, Suite 1740, Nashville, Tennessee, 37219.

### CLAIM FOR WRONGFULLY ASSERTING A LIEN LIS PENDENS ON DEFENDANT'S REAL PROPERTY

3. Defendant will refer collectively to Debra Irvin, Paul Krog, and Eugene Bulso as "Plaintiffs".

4. Plaintiffs, one with the other, caused a lien lis pendens to be recorded against the Defendant's property on September 4, 2019, in Instrument # 20190404-0030735 attached as Exhibit A.

5. This lien lis pendens was wrongfully asserted and each of the Plaintiffs knew it was unlawful when they recorded it in the Davidson County Register of Deeds Office.

6. This lien lis pendens has damaged the Defendant in the amount of $825,000, plus legal fees, court costs, discretionary costs and incidental costs.

**WHEREFORE** Defendant prays,

A. This matter will be tried by a Jury of twelve (12);

B. That Defendant be awarded damages in the amount of $825,000.00;

C. That all liens be removed from Defendant's property;

D. That the Plaintiffs be required to record a notice of apology with the Register of Deeds that the lien lis pendens they recorded is not true and they are very

sorry, or in the alternative, that the Court issue an Order declaring that the lien lis pendens is unlawful and void ab initio;

E.  The Defendant be awarded its reasonable attorney fees, court costs, discretionary fees and other incidental costs together with such other and further relief as it may be entitled.

Date: May 12, 2019

Respectfully submitted,

s/Charles E. Walker                                -
Charles E. Walker, BPR No. 021277
**WOODBINE LEGAL PC**
69 Thompson Lane
Nashville, Tennessee  37211
o: 615-367-5111  |  f: 615-383-1154
E-Mail:  charles@woodbinelegal.com
*Attorney for Green Wise Homes, LLC*

## CERTIFICATE OF SERVICE:

I hereby certify that on May 12, 2019, I served the following parties by U.S. Mail:

Eugene N. Bulso, Jr.
Paul J. Krog
Leader, Bulso & Nolan PLC
414 Union Street, Suite 1740
Nashville, TN  37219
615-780-4100
615-780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com
*Attorneys for Plaintiff*

Charles E. Walker
Woodbine Legal PC
69 Thompson Ln
Nashville, TN  37211
615-367-5111
615-383-1154
charles@woodbinelegal.com
*Pro Se Defendant*

Jon Johnson
69 Thompson Ln
Nashville, TN  37211
*Pro Se Defendant*

                                            s/Charles E. Walker                                -
                                            Charles E. Walker, BPR No. 021277